OPINION
{¶ 1} Appellant is the administrator of the estate of George Samonas. Appellant filed an action in the Mahoning County Court of Common Pleas against St. Elizabeth Health Center, Nicholas Prioa, M.D., Michael Malmer, D.O., and Francisco A. Mateo, M.D. (collectively referred to as "Appellees"), alleging medical malpractice and general negligence. Appellees requested summary judgment on the grounds that the one-year statute of limitations for malpractice had run, and the trial court subsequently granted summary judgment. Appellant argues that the complaint also contained a wrongful death claim, and that the statute of limitations for the wrongful death claim has not expired. Although the complaint is poorly worded, the record sufficiently establishes that Appellant presented a wrongful death claim and that the wrongful death claim should survive summary judgment. Therefore, we partially reverse the judgment of the trial court because the wrongful death claim should survive summary judgment.
 Facts and Procedural History {¶ 2} Appellant's complaint alleges that George Samonas presented himself to St. Elizabeth Health Center on May 12, 2002, complaining of wheezing and shortness of breath. The complaint states that Mr. Samonas' condition worsened, he was put on "maximum oxygen," and that he was given steroids and breathing treatments. The complaint also alleges that Mr. Samonas was a diabetic. The complaint then alleges, inter alia, that Appellees allowed the oxygen tank to run out, failed to diagnose a lung infection, erroneously prescribed steroids, and failed to take into account Mr. Samonas' diabetes during treatment. The complaint alleges that Mr. Samonas eventually developed pneumonia and died. The complaint does not specifically use the phrase "wrongful death" to describe the cause of action, and the captions in the complaint refer to the claims as "medical malpractice" and "respondeat superior."
 {¶ 3} On December 10, 2004, St. Elizabeth Health Center filed a motion for summary judgment, arguing that the statute of limitations for medical malpractice had expired and that the complaint was time-barred. The motion stated that, "[t]here are no other claims asserted in plaintiff's Complaint * * *." The motion sought summary judgment on all claims and the full dismissal of the complaint.
 {¶ 4} Shortly thereafter, two additional motions for summary judgment were filed on behalf of the remaining defendants, essentially echoing the arguments made in the December 10, 2004, motion filed by St. Elizabeth Health Center.
 {¶ 5} On January 10, 2005, Appellant filed a motion for leave to amend the complaint. In the motion Appellant stated that the original complaint was intended to present a wrongful death claim, and was not intended as a survivorship claim for Mr. Samonas' own conscious pain and suffering. In the motion it was further stated that Appellant would remove references to Mr. Samonas' mental anguish, which would not be part of a wrongful death claim, in the amended complaint. In the amended complaint Appellant clarified that Mr. Samonas' next of kin had suffered mental anguish, funeral expenses, and loss of consortium, rather than Mr. Samonas himself.
 {¶ 6} On January 10, 2005, the trial court granted Appellant leave to amend the complaint.
 {¶ 7} On January 21, 2005, Appellant filed a response to the various motions for summary judgment. Appellant acknowledged that any survivorship action on behalf of George Samonas had expired, based on the one-year statute of limitations in R.C. § 2305.113. Appellant argued that the complaint presented a wrongful death claim that was not time-barred under the two-year statute of limitations found in R.C. § 2125.02(D)(1). Appellees did not respond to Appellant's arguments.
 {¶ 8} On April 18, 2005, the trial court sustained all three of Appellees' motions for summary judgment. The judgment contained no further explanation, except to state that there was "no just cause for delay". This language is found in Civ.R. 54(B), and is used by a trial court to indicate that final judgment is being entered, "to one or more but fewer than all of the claims or parties."
 {¶ 9} This timely appeal was filed on May 13, 2005.
 Assignment of Error {¶ 10} Appellant's sole assignment of error states:
 {¶ 11} "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT [sic] ST. ELIZABETH HEALTH CENTER, NICHOLAS PROIA, M.D., NICHOLAS PRIOA, M.D., INC., FRANCISCO A. MATEO, M.D., FRANCISCO A. MATEO, M.D., INC., DR. MICHAEL MALMER, D.O., AND M. MALMER, D.O., LTD."
 {¶ 12} The sole issue in this appeal is whether Appellant's complaint sufficiently set forth a wrongful death claim so as to avoid complete dismissal. Appellant fully concedes that the one-year statute of limitations for a medical malpractice action, found in R.C. § 2305.113, had expired prior to the filing of the complaint, and thus, there is no question that summary judgment was appropriate with regard to that claim.
 {¶ 13} As a preliminary matter, it is not entirely clear from the record that the trial court actually dismissed all of Appellant's claims, as is assumed by the parties on appeal. The April 18, 2005, judgment entry contains the phrase "no just cause for delay," which is found in Civ.R. 54(B). This language is generally used when the trial court is ruling on fewer than all claims and parties, but wishes to designate the otherwise interlocutory order as a final appealable order. If the trial court did consider its judgment entry as only a partial summary judgment, it is not clear what other claims could have remained pending except for the alleged wrongful death claims. It is possible that the trial judge did allow for the possibility that one or more wrongful death claims were left unresolved, and thus, used the Civ.R. 54(B) language to certify the partial summary judgment as a final judgment so that the matter might be resolved in an immediate appeal. It does appear likely that, with respect to St. Elizabeth Health Center, the court dismissed all of Appellant's claims and we will proceed under the assumption that the wrongful death claim was dismissed at least in part, if not in its entirety.
 {¶ 14} An appellate court reviews de novo the decision to grant a motion for summary judgment, using the same standards as the trial court as set forth in Civ.R. 56(C). Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Before summary judgment can be granted, the trial court must determine that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 50 Ohio St.2d 317, 364 N.E.2d 267. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying thoseportions of the record which demonstrate the absence of a genuineissue of fact on a material element of the nonmoving party'sclaim." (Emphasis sic.) Dresher v. Burt (1996),75 Ohio St.3d 280, 296, 662 N.E.2d 264. If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden to produce evidence on any issue for which that party bears the burden of proof at trial. Id. at 293, 662 N.E.2d 264.
 {¶ 15} A wrongful death action is a statutory action, pursuant to R.C. § 2125.01 et seq. In an action for wrongful death, the surviving statutory beneficiaries have the right to recover damages suffered by reason of the wrongful death of the decedent. There are no special requirements for pleading a wrongful death action, other than the general requirements for notice pleading contained in Civ.R. 8(A), namely, that the pleading contain, "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." The Ohio Supreme Court has interpreted Civ.R. 8(A) to mean that, "as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." York v. Ohio State Highway Patrol (1991),60 Ohio St.3d 143, 145, 573 N.E.2d 1063. Civ.R. 8(F) also provides that, "[a]ll pleadings shall be so construed as to do substantial justice."
 {¶ 16} "The purpose of Civ.R. 8(A) is to give the defendant fair notice of the claim and an opportunity to respond."Leichliter v. Natl. City Bank of Columbus (1999),134 Ohio App.3d 26, 31, 729 N.E.2d 1285. McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 102, Section 5.01. "A party is not required to plead the legal theory of recovery or the consequences which naturally flow by operation of law from the legal relationship of the parties." Illinois Controls, Inc. v. Langham (1994),70 Ohio St.3d 512, 639 N.E.2d 771, paragraph six of the syllabus. "The rules make clear that a pleader is not bound by any particular theory of a claim but that the facts of the claim as developed by the proof establish the right to relief." Id., at 526, quoting McCormac, Ohio Civil Rules Practice (2d Ed. 1992) 102, Section 5.01.
 {¶ 17} To maintain a wrongful death action on a theory of negligence, plaintiffs must show three elements: a duty owed to plaintiffs' decedent, a breach of that duty, and proximate causation between the breach of duty and the death. Littleton v.Good Samaritan Hosp. Health Ctr. (1988), 39 Ohio St.3d 86, 92,529 N.E.2d 449. syllabus. These are the same three elements that must be shown to establish a negligence action generally, including a survivorship action predicated upon ordinary negligence or medical malpractice. Id. Appellant's original complaint contains a variety of averments as to the negligence of the various defendants. In particular, the complaint asserts that while Mr. Samonas was under Appellees' care, they either misdiagnosed or mistreated Mr. Samonas' lung infection. The complaint also states that Mr. Samonas developed pneumonia (which is a type of infection) and died. The complaint, therefore, did attempt to link Appellees' negligence and Mr. Samonas' death as the basis of the cause of action. It is true that the complaint did not specifically state that Appellees' misdiagnosis or mistreatment of Mr. Samonas' lung infection was a proximatecause of his death. Although the legal term of art "proximate cause" might have been helpful in Appellant's complaint, the claims in the complaint are not dependent on whether technical forms or terms were used to describe the claims. See IllinoisControls, Inc., supra, 70 Ohio St.3d at 526, 639 N.E.2d 771.
 {¶ 18} Appellees contend, though, that the complaint contained clear labels for each cause of action, and that the complaint should be limited to the counts as they were specifically designated in the complaint, i.e., medical malpractice and respondeat superior. We would point out, though, that the labels used in a particular cause of action do not control the nature of the cause of action. Funk v. Rent-AllMart, Inc. (2001), 91 Ohio St.3d 78, 91, 742 N.E.2d 127;Sprouse v. Eisenman, 10th Dist. No. 04AP-416, 2005-Ohio-463, ¶ 8. Once again, the object is not absolute technical conformity, but substantial justice. In this case, we conclude that substantial justice will be achieved by interpreting the initial complaint so as to include a wrongful death claim.
 {¶ 19} Even if we were to conclude that the original complaint failed to state a claim for wrongful death, Appellees can hardly contend that they were unaware that the amended complaint set forth a wrongful death action. Appellant expressly stated in his leave to file an amended complaint that the purpose of the amendment was to make it clear that the original complaint was describing a wrongful death claim. The amended complaint also clarified that the claim was being pursued on behalf of Mr. Samonas' next of kin, appropriate to a wrongful death claim. The amended complaint removed references to Mr. Samonas' own pain and suffering, in order to clarify the nature of the claim. Furthermore, in Appellant's response to Appellees' various motions for summary judgment, he reiterated that the complaint was solely one for wrongful death and that the wrongful death statute of limitations had not run. The record contains no rebuttal by any of the Appellees regarding Appellant's assertions that the complaint set forth a viable wrongful death claim. Thus, it would appear that Appellees were put on notice that the complaint contained a wrongful death claim, and in the interests of substantial justice, we agree with Appellant that the wrongful death claim should survive the summary judgment proceedings.
 {¶ 20} Appellee St. Elizabeth Health Center asserts that the amended complaint is irrelevant to this appeal and should not be used to support Appellant's arguments. We must disagree with this conclusion. Appellant filed a proper motion seeking to amend the complaint, and the motion was sustained by the trial court. The amended complaint is part of the record, and was duly delivered to Appellees. Subsequently, Appellees all filed answers to the amended complaint. The record reflects no irregularities in the procedure surrounding the amended complaint, and Appellees have not pointed to anything in the record that would prevent us from reviewing the amended complaint. As stated in Civ.R. 56(C), "[s]ummary judgment shall be rendered forthwith if thepleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, showthat there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Emphasis added.) Appellant's amended pleading is part of the record on review, and that pleading supports Appellant's argument.
 {¶ 21} Based on the foregoing analysis, we sustain Appellant's sole assignment of error. We hereby partially reverse the judgment of the trial court with respect to Appellant's wrongful death claims. The judgment is affirmed with respect to all other claims. This case is remanded to the Mahoning County Court of Common Pleas for further proceedings consistent with this Opinion.
Vukovich, J., concurs.
DeGenaro, J., concurs in judgment only; see concurring in judgment only opinion.