ST. MARY'S CHURCH OF SCHUYLER, A NEBRASKA NONPROFIT CORPORATION, AND ST. ANTHONY'S CHURCH OF COLUMBUS, A NEBRASKA NONPROFIT CORPORATION, APPELLANTS, V. WILLIAM E. TOMEK ET AL., APPELLEES.

325 N.W.2d 164

Filed October 22, 1982. No. 82-230.

Douglas R. Milbourn of Tessendorf, Milbourn, Fehringer & Bothe, P.C., for appellants.

William J. Mueller of Sodoro, Daly & Sodoro, for appellees.

Heard before KRIVOSHA, C.J., HASTINGS, and CAPORALE, JJ., and RIST, D.J., and COLWELL, D.J., Retired.

PER CURIAM.

Plaintiffs-appellants, St. Mary's Church of Schuyler

and St. Anthony's Church of Columbus, seek reversal of the trial court's orders which sustained the demurrers of defendants-appellees, William E. Tomek, John G. Tomek, and Tomek and Tomek, to plaintiffs' amended petition, dismissed same upon plaintiffs' election to stand thereon, and denied plaintiffs' motion for new trial. We affirm.

The operating petition alleges defendants negligently prepared the last will and testament of the decedent, Emil L. Kavan, by failing to accurately express decedent's wishes, as the proximate result of which plaintiffs have been damaged. It is alleged that the decedent instructed defendants to so prepare his will as to distribute the residue of his estate to plaintiffs, share and share alike. The petition also alleges the conclusion that plaintiffs were beneficiaries of the attorney-client relationship entered into between defendants and decedent. Defendants demurred on the grounds the amended petition failed to state a cause of action and that it contained a misjoinder of causes of action, arguing that both tort and contract causes were combined as one.

The will in question included the following provision: "After the payment of all taxes, expenses of administration and proper charges allowed against my estate that have been paid I direct that the rest residue and remainder of the money in my bank account be paid equally among Saint Mary's Church, Schuyler, Nebraska and Saint Anthony's Church, Columbus, Nebraska." Because of a dispute among plaintiffs and decedent's heirs as to the meaning of this language, an action to construe the will was brought in the county court. That court ruled the clause to be ambiguous, found it to not be a general residuary clause, and ordered that the residuary estate (approximately $410,000) pass to the heirs. On appeal, the District Court reversed the judgment of the county court, ruled the language created a residuary clause, and ordered the residuary estate

be paid to plaintiffs in equal shares. Thereafter, the heirs threatened an appeal to this court. Thereupon, plaintiffs negotiated a settlement for the sum of $60,000. They now seek to recover that sum, together with attorney fees and expenses incurred and yet to be incurred.

We have recently held that a lawyer owes a duty to his client to use reasonable care and skill in the discharge of his duties, but ordinarily this duty does not extend to third parties. *Ames Bank v. Hahn,* 205 Neb. 353, 287 N.W.2d 687 (1980). We conclude that rule is applicable to the facts of this case.

In view of the foregoing determination we need not consider defendants' argument that the amended petition contains a misjoinder of causes.

AFFIRMED.