SIMON, APPELLEE, v. ZIPPERSTEIN, APPELLANT.

[Cite as Simon *v.* Zipperstein (1987), 32 Ohio St. 3d 74.]

(No. 86-1634—Decided August 12, 1987.)

76

*Carl A. Genberg,* for appellee.
*Jenks, Surdyk, Gibson & Cowdrey Co., L.P.A.,* and *Thomas E. Jenks,* for appellant.

*Per Curiam.* The sole consideration presented by this appeal is whether in the absence of fraud, collusion or malice, an attorney may be held liable in a malpractice action by a beneficiary or purported beneficiary of a will where privity is lacking. For the reasons that follow, we answer this question in the negative and reverse the judgment of the court of appeals.

It is by now well-established in Ohio that an attorney may not be held liable by third parties as a result of having performed services on behalf of a client, in good faith, unless the third party is in privity with the client for whom the legal services were performed, or unless the attorney acts with malice. *Scholler* v. *Scholler* (1984), 10 Ohio St. 3d 98, 10 OBR 426, 462 N.E. 2d 158, paragraph one of the syllabus. See, also, *Petrey* v. *Simon* (1984), 19 Ohio App. 3d 285, 19 OBR 456, 484 N.E. 2d 257; *Pournaras* v. *Hopkins* (1983), 11 Ohio App. 3d 51, 11 OBR 84, 463 N.E. 2d 67; *Straunch* v. *Gross* (1983), 10 Ohio App. 3d 303, 10 OBR 507, 462 N.E. 2d 433; *W.D.G., Inc.* v. *Mut. Mfg. & Supply Co.* (Franklin App. 1976), 5 O.O. 3d 397.

The rationale for this posture is clear: the obligation of an attorney is to direct his attention to the needs of the client, not to the needs of a third party not in privity with the client. As was stated by the court in *W.D.G., Inc., supra:*

"* * * Some immunity from being sued by third persons must be afforded an attorney so that he may properly represent his client. To allow indiscriminate third-party actions against attorneys of necessity would create a conflict of interest at all times, so that the attorney might well be reluctant to offer proper representation to his client in fear of some third-party action against the attorney himself." *Id.* at 399-400.

We emphasize that our view on the liability of attorneys to third-persons as a result of services performed in good faith on behalf of a client is shared by other jurisdictions. See *Savings Bank* v. *Ward* (1879), 100 U.S. 195; *Maneri* v. *Amodeo* (1963), 38 Misc. 2d 190, 238 N.Y. Supp. 2d 302; *Favata* v. *Rosenberg* (1982), 106 Ill. App. 3d 572, 436 N.E. 2d 49; *Chicago Title Ins. Co.* v. *Holt* (1978), 36 N.C. App. 284, 244 S.E. 2d 177; *Metzker* v. *Slocum* (1975), 272 Ore. 313, 537 P. 2d 74; *St. Mary's Church of Schuyler* v. *Tomek* (1982), 212 Neb. 728, 325 N.W. 2d 164; *First Municipal Leasing Corp* v. *Blankenship* (Tex. Civ. App. 1983), 648 S.W. 2d 410. See, also, Annotation (1972), 45 A.L.R. 3d 1181, 1187, Section 3.

In the instant case, appellee's complaint set forth no special circumstances such as fraud, bad faith, collusion or other malicious conduct

which would justify departure from the general rule. In addition, privity was lacking since appellee, as a potential beneficiary of his father's estate, had no vested interest in the estate. Cf. *Cunningham* v. *Edward* (1936), 52 Ohio App. 61, 6 O.O. 98, 3 N.E. 2d 58. Although the court of appeals acknowledged the applicability of *Scholler, supra,* it elected to disregard the holding based upon "public policy" grounds. We disapprove of the approach taken by the court of appeals and its refusal to adhere to precedent. We reiterate our holding in the first paragraph of the syllabus of *Scholler* that "[a]n attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client, unless such third person is in privity with the client or the attorney acts maliciously."

For the foregoing reasons, the judgment of the court of appeals is hereby reversed, and the judgment of the trial court is reinstated.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

LOCHER, J., concurs in judgment only.

H. BROWN, J., dissents.

HERBERT R. BROWN, J., dissenting. I must respectfully dissent. The result reached by the majority means that an attorney who negligently prepares a will is immune from liability for malpractice. For example, if an attorney carelessly fails to see that the will is signed by the required number of witnesses, no action can be brought against the inattentive lawyer. This is so because the client, the testator, must die before the will becomes oper-

ative. Nonetheless, only the client, says the majority, may bring the malpractice action. To reach this undesirable result, the majority trots out that old chestnut, privity.

In the law of torts, the use of privity as a tool to bar recovery has been riddled (and rightly so) to the extent that we are left with legal malpractice as, perhaps, the only surviving relic. For example, a physician who negligently injures a spouse or a minor child is responsible to the other spouse or to the parent(s) for their corresponding loss of consortium or loss of services, notwithstanding the absence of privity. See *Shaweker* v. *Spinell* (1932), 125 Ohio St. 423, 181 N.E. 896; cf. *Clouston* v. *Remlinger Oldsmobile Cadillac, Inc.* (1970), 22 Ohio St. 2d 65, 51 O.O. 2d 96, 258 N.E. 2d 230, and *Whitehead* v. *Gen. Tel. Co.* (1969), 20 Ohio St. 2d 108, 49 O.O. 2d 435, 254 N.E. 2d 10, 41 A.L.R. 3d 526. Likewise, an architect or builder who defectively designs or constructs a building is liable to a person thereby injured, despite a lack of privity. *Kocisko* v. *Charles Shutrump & Sons Co.* (1986), 21 Ohio St. 3d 98, 101, 21 OBR 392, 394, 488 N.E. 2d 171, 174 (Wright, J., dissenting). Additionally, the manufacturer of a defective product is not excused for want of privity from liability to an injured user. *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 4 O.O. 3d 466, 364 N.E. 2d 267. Even an accountant is no longer immune from liability to third persons who foreseeably rely upon his or her negligent representations. *Haddon View Investment Co.* v. *Coopers & Lybrand* (1982), 70 Ohio St. 2d 154, 24 O.O. 3d 268, 436 N.E. 2d 212.

While the court of appeals below should perhaps have given greater obeisance to *Scholler* v. *Scholler* (1984), 10 Ohio St. 3d 98, 10 OBR 426, 462 N.E. 2d 158, this court is under no such duty. The requirement of privity

in a legal malpractice action should be put to a well-deserved burial. Such is not to abandon *stare decisis,* but rather to bring attorney malpractice—based upon professional *negligence*—into line within the body of tort law.

What the majority has done is to make a mechanical application of *Scholler, supra,* to the facts of the cause *sub judice.* Then, the majority blandly claims that its view is "shared by other jurisdictions." The issue before us is not that simple. An examination of the seven cases cited by the majority reveals that only two involve an attorney's negligence *in drafting a will.* See *St. Mary's Church of Schuyler* v. *Tomek* (1982), 212 Neb. 728, 325 N.W. 2d 164, and *Maneri* v. *Amodeo* (1963), 38 Misc. 2d 190, 238 N.Y. Supp. 2d 302. The remaining five cases arise from a potpourri of factual situations, having nothing to do with the issue before us.

Actually, most courts that have faced the issue have been unwilling to use privity to insulate attorneys from liability for negligent will preparation. See *Lucas* v. *Hamm* (1961), 56 Cal. 2d 583, 15 Cal. Rptr. 821, 364 P. 2d 685; *Auric* v. *Continental Cas. Co.* (1983), 111 Wis. 2d 507, 331 N.W. 2d 325; *Guy* v. *Liederbach* (1983), 501 Pa. 47, 459 A. 2d 744; *Succession of Killingsworth* (La. 1973), 292 So. 2d 536, 542-543; *Olge* v. *Fuiten* (1984), 102 Ill. 2d 356, 80 Ill. Dec. 772, 466 N.E. 2d 224; *Mc-Abee* v. *Edwards* (Fla. App. 1976), 340 So. 2d 1167; *Licata* v. *Spector* (1966), 26 Conn. Supp. 378, 225 A. 2d 28; *Clagett* v. *Dacy* (1980), 47 Md. App. 23, 420 A. 2d 1285. These courts have perceptively emphasized that in drafting a will, the attorney knows that (1) the client has employed him or her for the specific purpose of benefiting third persons, and (2) the consequences of an error by the lawyer will most likely fall upon those intended beneficiaries rather than upon the client.

The majority has unfortunately been blinded by the mirage of conflict of interest. The majority states, and I agree, that "the obligation of an attorney is to direct his [or her] attention to the needs of the client, not to the needs of a third party not in privity with the client." Where the attorney's job is to draft a will, however, the needs of the client simply require the attorney to competently construct an instrument that will carry out the client's intentions as to the distribution of his or her property upon death. If the attorney negligently fails to fulfill those needs, with the result that an intended beneficiary receives less than the client desired, surely the client, if he or she were still alive, would *want* the intended beneficiary to bring an action against the attorney. The conflict-of-interest bugaboo is nonexistent in such a case.[4]

I would hold that an attorney who negligently drafts a will is not immune from liability to those persons whom the testator intends to be beneficiaries thereunder.

---

[4] The California Supreme Court has explained:

"When an attorney undertakes to fulfill the testamentary instructions of his client, he realistically and in fact assumes a relationship not only with the client but also with the client's intended beneficiaries. The attorney's actions and omissions will affect the success of the client's testamentary scheme; and thus the possibility of thwarting the testator's wishes immediately becomes foreseeable. Equally foreseeable is the possibility of injury to an intended beneficiary. In some ways, the beneficiary's interests loom greater than those of the client. After the latter's death, a failure in his testamentary scheme works no practical effect except to deprive his intended beneficiaries of the intended bequests." *Heyer* v. *Flaig* (1969), 70 Cal. 2d 223, 228, 74 Cal. Rptr. 225, 228-229, 449 P. 2d 161, 164-165.