OPINION
{¶ 1} Plaintiffs-appellants, Henry Sprouse, III, a minor, by and through his parents, Henry and Donna Spouse (collectively referred to as "appellants"), appeals from a judgment of the Franklin County Court of Common Pleas granting a motion for judgment on the pleadings filed by defendant-appellee, Susan Garner Eisenman, Esq. Because appellants failed to allege facts sufficient to overcome appellee's qualified immunity from third-party suits, we affirm that judgment.
 {¶ 2} On October 17, 2003, appellants filed a complaint against Richard and Karen Suvak, their daughter Diane, and appellee. Appellants alleged that Henry Sprouse, III ("Sprouse") and Diane Suvak ("Suvak") began an intimate relationship in December 2001. At that time, both Sprouse and Suvak were minors. Two months later, Suvak discovered she was pregnant. After she told her parents about the pregnancy, her parents prohibited Sprouse from having any further contact with their daughter and threatened him with criminal charges if he tried to contact her. Nevertheless, appellants alleged that they offered Suvak assistance throughout her pregnancy but that their offers were rejected or ignored. Twice in 2002, Sprouse registered as a putative father with Ohio's Putative Father Registry. Appellants alleged that by June 2002, the Suvaks knew of appellants' desire to adopt the baby and/or maintain a parent/child relationship.
 {¶ 3} On October 11, 2002, Suvak gave birth to a baby boy. Appellants alleged that they were not notified of the birth until three days later and that Sprouse was not allowed to visit the baby at the hospital. On October 15, 2002, Suvak filed an "Application for Approval of Placement of Infant Boy Suvak" in the Probate Court of the Allen County Court of Common Pleas pursuant to Suvak's desire to place the baby for adoption. Appellee represented the Suvaks as their attorney in these proceedings. On October 18, 2002, the probate court approved the placement of the Suvak baby and Suvak executed a written consent to the adoption. Sprouse did not consent to the adoption nor was his consent requested by the Suvaks. Appellants alleged that they were not notified of the adoption proceedings or of Suvak's intention to place the baby for adoption until after the court approved the baby's placement. A week later, an adoptive family filed a petition to adopt Suvak's baby.
 {¶ 4} Appellants' complaint asserted claims of intentional interference with parental relationships and fraud against all defendants and sought compensatory and punitive damages. The only specific allegations addressing appellee's conduct are in paragraphs 25 and 34 of the complaint wherein appellants alleged that appellee told Sprouse, as late as two days before the placement of the baby, that Suvak was still considering co-parenting with Sprouse or allowing him to adopt the baby. Appellants alleged that those statements were false and misleading.
 {¶ 5} Appellee filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C), arguing that appellants' fraud claim was not properly pled and that the complaint was, in essence, a complaint for legal malpractice, which was also not properly pled. The trial court agreed and granted appellee's motion, finding that appellants' complaint was one for legal malpractice that failed to plead: (1) the existence of an attorney-client relationship between appellee and Sprouse; (2) the breach of any duty of care to Sprouse; and, (3) that appellee's alleged misrepresentations were done for her own personal gain. Accordingly, the trial court granted judgment for appellee.
 {¶ 6} Appellants appeal, assigning the following errors:
I. APPELLANT'S CLAIMS AGAINST APPELLEE DO NOT SOUND IN LEGAL MALPRACTICE AND CANNOT BE CLASSIFIED AS SAME BECAUSE THERE WAS NO ATTORNEY-CLIENT RELATIONSHIP BETWEEN APPELLANT AND APPELLEE.
II. NO ALLEGATIONS REGARDING DUTY OR BREACH OF DUTY IS NECESSARY BECAUSE APPELLANT'S CLAIMS AGAINST APPELLEE ARE NOT BASED ON NEGLIGENT ACTS.
III. APPELLANT'S CLAIMS AGAINST APPELLEE FOR INTENTIONAL INTERFERENCE WITH PARENTAL RELATIONSHIP AND PUNITIVE DAMAGES SHOULD NOT HAVE BEEN DISMISSED BECAUSE THEY WERE PROPERLY PLED.
 {¶ 7} Appellants appeal from the trial court's grant of appellee's motion for judgment on the pleadings. This court conducts a de novo review of a trial court's decision to grant a motion for judgment on the pleadings. Fontbank, Inc. v. CompuServe, Inc. (2000), 138 Ohio App.3d 801,807. The trial court may only consider the statements contained in the pleadings and may not consider any evidentiary material. Walk v. OhioSupreme Court, Franklin App. No. 03AP-205, 2003-Ohio-5343, at ¶ 5. The trial court must construe all of the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the non-moving party. Id., citing Whaley v. Franklin Cty. Bd. ofCommrs. (2001), 92 Ohio St.3d 574, 581. In order to grant a motion for judgment on the pleadings, the trial court must find beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief. Id., citing State ex rel. MidwestPride IV, Inc. v. Pontious (1996), 75 Ohio St.3d 565, 570. In other words, the plaintiff's complaint must have failed to allege a set of facts which, if true, would establish the defendant's liability. Maloofv. Benesch, Friedlander, Coplan Aronoff, Cuyahoga App. No. 84006,2004-Ohio-6285, at ¶ 16.
 {¶ 8} Appellants contend in their first assignment of error that the trial court erred when it treated their complaint as one for legal malpractice. Appellants argue that their claims are for intentional interference with parental relationships and fraud — not legal malpractice. A client's claims that arise out of the manner in which an attorney represents the client within the attorney-client relationship, regardless of the names affixed to the theories of recovery or causes of action, are claims for legal malpractice. Thatcher v. Grubler (Nov. 25, 1997), Franklin App. No. 97APE05-733; McDermott v. Lynch (May 15, 1997), Cuyahoga App. No. 71131; Barstow v. Waller, Hocking App. No. 04CA5,2004-Ohio-5746. Muir v. Hadler Real Estate Management Co. (1982),4 Ohio App.3d 89, 90 ("Malpractice by any other name still constitutes malpractice"). Therefore, a trial court will construe a complaint to be for legal malpractice where the gist of the complaint sounds in malpractice, regardless of the labels given to the causes of actions. Polivka v. Cox, Franklin App. No. 01AP-1023, 2002-Ohio-2420, at ¶ 2, fn. 1. Here, we agree that appellants did not attempt to assert a claim for legal malpractice.
 {¶ 9} Appellee represented the Suvaks during the proceedings to place Suvak's baby for adoption. Appellants did not allege that appellee acted as their attorney. Therefore, appellants' claims against appellee do not arise out of the manner in which she represented appellants within an attorney-client relationship. Rather, their claims against appellee arise from actions she took while she was representing the Suvaks. Appellants' complaint alleged two causes of action against appellee — intentional interference with parental relationships and fraud.[1] Neither claim can be fairly characterized as a claim for legal malpractice. However, the trial court's erroneous characterization and analysis of appellants' claims as claims for legal malpractice was harmless. As more fully discussed below, in reviewing de novo appellee's motion for judgment on the pleadings, we conclude that the trial court's judgment was nevertheless correct, albeit for a reason different from that articulated by the trial court. See Dayton v. State, 157 Ohio App.3d 736,2004-Ohio-3141, at ¶ 129. Therefore, appellant's first assignment of error is overruled.
 {¶ 10} Appellants contend in their second and third assignments of error that the trial court erred by granting appellee's motion for judgment on the pleadings. We disagree.
 {¶ 11} Attorneys in Ohio enjoy a qualified immunity from liability to a third party arising out of acts he or she takes while representing a client. Hahn v. Satullo, 156 Ohio App.3d 412, 2004-Ohio-1057, at ¶69. An attorney is immune from liability to third parties as a result of having performed services on behalf of a client, in good faith, unless the third party is in privity with the client for whom the legal services were performed, or unless the attorney acts with malice. Simon v.Zipperstein (1987), 32 Ohio St.3d 74, 76; Scholler v. Scholler (1984),10 Ohio St.3d 98, paragraph one of the syllabus; see, also, Moffitt v.Litteral, Montgomery App. No. 19154, 2002-Ohio-4973, at ¶ 75-82 (applying rule to conversion claim against attorney). The rationale for this rule, as set forth by the Simon court, is clear: "[T]he obligation of an attorney is to direct his attention to the needs of the client, not to the needs of a third party not in privity with the client." Simon at 76. The fear of indiscriminate third party suits against attorneys would make attorneys reluctant to offer zealous client representation. Id. To allay this fear, courts place a heightened burden on third parties seeking to assert claims against attorneys representing their clients. Other state courts have taken similar approaches. See, e.g., Mehaffy,Rider, Windholz Wilson v. Central Bank Denver, N.A. (Colo. 1995),892 P.2d 230, 235 (attorney not liable to non-client absent fraud or malice); Strid v. Converse (Wis. 1983), 331 N.W.2d 350, 356 (attorney not liable to non-client unless fraud, collusion, or malicious or tortious act); Roth v. La Societe Anonyme Turbomeca France (Mo.App. 2003),120 S.W3d 764, 776 (same); but, see, Shafer v. Berger, Kahn, Shafton,Moss, Figler, Simon Gladstone (Cal.App. 2003), 107 Cal.App.4th 54, 69 (no special preference for suit against third-party attorney).
 {¶ 12} This court has defined "malice" in this context to include actions taken by the attorney with an ulterior motive separate and apart from the good-faith representation of the client's interests. Hahn,
supra, at ¶ 67, citing Thompson v. R R Service Systems, Inc. (June 19, 1997), Franklin App. No. 96APE10-1277; see, also, Wolfe v. Little
(Apr. 27, 2001), Montgomery App. No. 18718; Fallang v. Hickey (Aug. 31, 1987), Butler App. No. CA86-11-163. Another court has defined malice in this context to imply "`[a] condition of mind which prompts a person to do a wrongful act willfully, that is, on purpose, to the injury of another without justification or excuse.'" Moffitt, supra, at ¶ 82, quoting Black's Law Dictionary (6 Ed. 1990) 956.
 {¶ 13} Appellants' complaint does not allege facts sufficient to overcome appellee's qualified immunity from third-party suits. The only allegation in the complaint that specifically refers to appellee stated that appellee represented to appellants that Suvak was still considering parenting options. Although appellants alleged that this statement was false and misleading, appellee clearly made the statement in the course of her representation of the Suvaks. Appellants did not allege the statement was made with malice nor did appellants allege any facts that could reasonably suggest malice or would indicate that appellee acted with an ulterior motive separate from her good-faith representation of her client's interest. Therefore, appellants simply failed to state a claim against appellee.
 {¶ 14} Given appellants failure to allege that they were in privity with the Suvaks, or that appellee acted with a malicious intent or with an ulterior motive separate and apart from her clients' interests, appellants' complaint fails to allege a set of facts which, if true, would overcome appellee's qualified immunity from third-party suits. The trial court properly granted appellee's motion for judgment on the pleadings. See Smith v. Tuttle (Aug. 19, 1996), Columbiana App. No. 95-CO-14 (affirming grant of judgment on pleadings to attorney where complaint failed to allege privity or malice); cf. Kareth v. Toyota Motor Sales
(Sept. 28, 1998), Clermont App. No. CA98-01-011 (affirming grant of judgment on pleadings based on defendant's immunity from suit). Accordingly, appellants' second and third assignments of error are overruled.
 {¶ 15} Having overruled appellants' three assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and McCormac, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Appellants' purported claim for punitive damages is not an independent claim but, rather, a remedy for her other claims. Moskovitzv. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, 650; Sony Electronics,Inc. v. Grass Valley Group, Inc. (Mar. 22, 2002), Hamilton App. No. C-010133.