OPINION
{¶ 1} Appellants Robert Schlegel, et al. ("appellants") appeal the decision of the Holmes County Court of Common Pleas that granted Appellee Thomas Gindlesberger's ("Appellee Gindlesberger") motion for summary judgment dismissing appellants' legal malpractice claim. The following facts give rise to this appeal.
 {¶ 2} In 1986, the decedent, Margaret Schlegel, executed her Last Will and Testament prepared by Appellee Gindlesberger. The decedent's three children, Roy Schlegel, Robert Schlegel and Anna Shoemaker, were the beneficiaries under the will. In 1990, Appellee Gindlesberger also assisted the decedent in executing a general warranty deed, with joint right of survivorship, in which she conveyed most of her interest in a property known as "Hanna Farm" to Appellee Roy Schlegel.
 {¶ 3} The decedent died on June 30, 2003. In July 2003, her will was admitted to probate in the Holmes County Court of Common Pleas. The assets comprising the decedent's estate had to be sold to pay the state and federal taxes. Appellants blamed Appellee Gindlesberger. Appellants claimed Appellee Gindlesberger's representation of the decedent was negligent because he failed to advise her of the tax consequences of making an inter vivos transfer of Hanna Farm to Appellee Schlegel, while maintaining a life estate.
 {¶ 4} Thereafter, on June 29, 2004, appellants filed a complaint in the Holmes County Court of Common Pleas alleging legal malpractice against Appellee Gindlesberger. Appellants also sued Appellee Schlegel claiming Appellee Schlegel effectively received an inheritance by receiving Hanna Farm from the decedent. Appellants maintain this distribution frustrated the decedent's intent to divide her property evenly among her children and as a result, Appellee Schlegel was unjustly enriched by Appellee Gindlesberger's negligence.
 {¶ 5} Appellee Schlegel filed an answer and cross-claim, for legal malpractice, against Appellee Gindlesberger due to the fact that appellants did not receive any assets under the decedent's last will and testament. All parties moved for summary judgment. The trial court issued a judgment entry on December 5, 2005, in which it denied Appellee Schlegel's motion for summary judgment on the unjust enrichment claim. The trial court granted Appellee Gindlesberger's motion for summary judgment dismissing the legal malpractice claims filed by appellants and Appellee Schlegel.
 {¶ 6} Appellants filed a notice of appeal on December 29, 2005, which is designated Case No. 05 CA 11. Appellee Schlegel filed a notice of appeal on December 22, 2005, which is designated Case No. 05 CA 10. Appellants set forth the following assignment of error for our consideration.
 {¶ 7} "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE GINDLESBERGER'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING APPELLANTS' CLAIM FOR LEGAL MALPRACTICE."
 I {¶ 8} In their sole assignment of error, appellants maintain the trial court erred when it granted Appellee Gindlesberger's motion for summary judgment and dismissed their legal malpractice claim against him. We disagree.
 {¶ 9} Our standard of review is de novo, and as an appellate court, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. Accordingly, an appellate court must independently review the record to determine whether summary judgment was appropriate, and we need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704, 711; Morehead v. Coney (1991), 75 Ohio App.3d 409,411-412.
 {¶ 10} Civ. R. 56(C) provides:
 {¶ 11} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only [therefrom], that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 12} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence that demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. Vahila v. Hall,77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107.
 {¶ 13} The issue presented in this assignment of error is whether appellants have standing to bring a negligence claim against the decedent's attorney. In order to establish a cause of action for malpractice, a plaintiff must establish a tripartite showing: an attorney-client relationship giving rise to a duty, a breach of that duty, and damages proximately caused by the breach. Vahila at syllabus, following Krahn v. Kinney (1989), 43 Ohio St.3d 103.
 {¶ 14} In its judgment entry granting Appellee Gindlesberger's motion for summary judgment, the trial court concluded there was no evidence that an attorney-client relationship existed or sufficient privity, with an attorney-client relationship, between Appellee Gindlesberger and appellants. Judgment Entry, Dec. 5, 2005, at 6. In reaching this conclusion, the trial court referenced the Ohio Supreme Court's decision in Simon v. Zipperstein (1987), 32 Ohio St.3d 74, wherein the Ohio Supreme court held that in the absence of fraud, collusion or malice, an attorney may not be held liable in a malpractice action by a beneficiary or purported beneficiary of a will where privity is lacking. Id. at 76.
 {¶ 15} Appellants argue this general rule of privity should be abandoned because an attorney who drafts a will, for a client, is aware that his or her professional competence affects not only the client but also those whom the client intends to benefit from that will. We are bound by precedent to follow the Ohio Supreme Court's decision in theSimon v. Zipperstein case. Therefore, we find the only individual to have an attorney-client relationship with Appellee Gindlesberger was the decedent. Appellee Gindlesberger drafted the last will and testament and survivorship deed on behalf of the decedent. Further, appellants do not allege fraud, bad faith, collusion or other malicious conduct that would justify departure from the general rule.
 {¶ 16} Despite our conclusion, we invite the Ohio Supreme Court to revisit this issue because there should always be a remedy to any wrong. We find Justice Brown's dissent in Simon v. Zipperstein, supra, persuasive as he correctly notes that, "* * * the use of privity as a tool to bar recovery has been riddled * * * to the extent that we are left with legal malpractice as perhaps, the only surviving relic." Id. at 77. Without relaxing the concept of privity, intended beneficiaries may suffer damages without any remedy and an attorney who negligently drafts a will is immune from liability to those persons whom the testator intended to benefit under his or her will.
 {¶ 17} Appellants' sole assignment of error is overruled.
 {¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas, Holmes County, Ohio, is hereby affirmed.
Wise, P. J. Farmer, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed.
Costs assessed to Appellants.