**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0089n.06
Filed: February 1, 2008

**No. 06-3969**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| IN RE: EDWARD T. LOMBARDO, Debtor. | ) | |
| ⸻⸻⸻⸻⸻⸻⸻ | ) | |
| | ) | ON APPEAL FROM THE |
| ESTATE OF DOROTHY MINGUS, | ) | SIXTH CIRCUIT |
| | ) | BANKRUPTCY APPELLATE |
| Plaintiff-Appellant, | ) | PANEL |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD T. LOMBARDO, | ) | |
| | | |
| Defendant-Appellee. | | |
| ⸻⸻⸻⸻⸻⸻⸻ | | |

BEFORE: RYAN, BATCHELDER, and GRIFFIN, Circuit Judges.

PER CURIAM.

Plaintiff, the Estate of Dorothy Mingus ("Mingus"), appeals the decision of the Bankruptcy

Appellate Panel of the Sixth Circuit ("BAP") disallowing its claim for legal malpractice against the

debtor, Edward Lombardo. Mingus argues that the BAP erred in holding that, under Ohio law, a

beneficiary of a will lacks standing to sue for malpractice the attorney whose negligence results in

the probate court denying admission of the decedent's will to probate. For the reasons below, we

affirm the BAP's decision.

I.

Debtor Lombardo filed a petition for relief under Chapter 7 of the United States Bankruptcy

Code, 11 U.S.C. §§ 101-1330, on August 1, 2001. Prior to his bankruptcy filing, Lombardo represented Andy Stischok in connection with the preparation and execution of Stischok's last will and testament dated November 9, 1998, and a later codicil dated December 8, 1998. Plaintiff Mingus was named under Stischok's will as the residuary beneficiary of Stischok's estate. After Stischok's death in 1999, his heirs filed a challenge to the will, alleging undue influence by Mingus on Stischok. The heirs alleged further that the will was executed improperly, as it was witnessed by one individual, rather than two, as required by Ohio law. While the heirs' action was pending, Mingus filed a malpractice action against Lombardo in Ohio state court, alleging that his failure to have Stischok's will witnessed by two people amounted to both "professional negligence" and "malice, including fraud, bad faith and collusion." Mingus sought $1 million in damages.

After Lombardo's bankruptcy filing, Mingus commenced an adversary proceeding against Lombardo in bankruptcy court, alleging that her claim against him pending in the state court malpractice action should be declared nondischargeable pursuant to 11 U.S.C. § 523(a)(6) as a willful and malicious injury. Mingus also filed a proof of claim in Lombardo's bankruptcy case for "Intentional malpractice/Fraud" and referenced the pending adversary proceeding as the basis for her claim. After a trial on the dischargeability action, the bankruptcy court ruled for Lombardo, concluding that his performance concerning Stischock's will was not "willful and malicious."

Dorothy Mingus subsequently died and her estate filed an amended proof of claim reflecting that the claim was held by the Estate of Dorothy Mingus. Lombardo then filed an objection to Mingus's claim, arguing that her claim was barred by res judicata and citing the court's conclusions

in the dischargeability proceeding.  The bankruptcy court agreed, but the BAP later reversed this

decision, concluding that Mingus's amended proof of claim included a claim for negligent

malpractice that was not barred by res judicata.

Following remand, Lombardo filed an objection to Mingus's claim, arguing that the claim

should be disallowed because Mingus lacked privity with Lombardo, thus precluding any cause of

action for malpractice under Ohio law.  The bankruptcy court agreed, sustaining Lombardo's

objection and disallowing the claim.  Mingus appealed to the BAP, which unanimously affirmed the

bankruptcy court's holding.

Mingus timely appealed the BAP's opinion to this court.

II.

We focus our review of cases appealed from the BAP on the bankruptcy court's decision,

reviewing findings of fact for clear error and conclusions of law de novo.  *In re Tirch*, 409 F.3d 677,

680 (6th Cir. 2005).

As both the bankruptcy court and the BAP acknowledged, the leading Ohio case interpreting

the duty owed by an attorney to the beneficiary under his client's will and testament is *Simon v.*

*Zipperstein*, 512 N.E.2d 636 (Ohio 1987), in which the Supreme Court of Ohio held:

> It is by now well-established in Ohio that an attorney may not be held liable by third
> parties as a result of having performed services on behalf of a client, in good faith,
> unless the third party is in privity with the client for whom the legal services were
> performed, or unless the attorney acts with malice.

512 N.E.2d at 638 (citing *Scholler v. Scholler*, 462 N.E. 2d 158 (Ohio 1984)).  Although Mingus

argues that there is conflict among Ohio courts concerning the continuing viability of *Simon*'s

holding, plaintiff has not identified a single Ohio case that has held that a potential beneficiary has a cause of action against a decedent's attorney for negligent performance in the drafting and execution of a will. Rather, the Ohio Supreme Court and Ohio Courts of Appeals have continued to apply *Simon*. *See LeRoy v. Allen, Yurasek & Merklin*, 872 N.E.2d 254, 258 (Ohio 2007) (noting the holding in *Scholler* and *Simon* that "attorneys have a qualified immunity from liability to third parties for acts or omissions concerning the representation of a client" and observing that appellant was not challenging *Simon* or *Scholler*'s holding); *Ryan v. Wright*, 2007-Ohio-942, 2007 WL 661815, at *6 (Ohio Ct. App. Mar. 6, 2007) (unpublished) (citing and approving the BAP's interpretation of requirement of privity in underlying decision here); *Lutz v. Balch*, 2006-Ohio-4630, 2006 WL 2575811, at ¶ 11 (Ohio Ct. App. Aug. 31, 2006) (unpublished) (applying *Simon* and *Scholler* and holding that "[b]ecause plaintiff had no attorney-client relationship with defendant, who provided legal services to plaintiff's parents at a time when plaintiff had no vested interest, plaintiff lacks the necessary privity to maintain a legal malpractice action against defendant"); *Swiss Reinsurance Am. Corp. v. Roetzel & Andress*, 837 N.E.2d 1215, 1220 (Ohio Ct. App. 2005); *Dykes v. Gayton*, 744 N.E.2d 199, 201 (Ohio Ct. App. 2000) (observing that "appellants raise a persuasive public policy argument which requests that we balance the public policy that supports the right of a testator to make a will and have its provisions carried out with the public policy that favors some immunity for attorneys, as against lawsuits by third-parties, so that the attorney may properly represent his client without the fear of indiscriminate third-party actions," but holding that appellants' claim was foreclosed by *Scholler* and *Simon*).

Mingus notes that the Ohio Supreme Court has granted discretionary review in *Ryan* and a companion case, *Schlegel v. Gindlesberger*, 2006-Ohio-6917, 2006 WL 3783544 (Ohio Ct. App. Dec. 26, 2006) (unpublished), where it may revisit its holding in *Simon* and review its requirement of privity in attorney malpractice claims. *Ryan v. Wright,* 870 N.E.2d 731 (2007). Our responsibility, however, is "to apply the law in effect at the time [the court] renders its decision." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 264 (1994) (quoting *Bradley v. Richmond Sch. Bd.*, 416 U.S. 696, 711 (1974)). Moreover, it would be imprudent for us to speculate that the Ohio Supreme Court may overturn its holding in *Simon*, particularly in light of the lengthy and unambiguous line of Ohio cases that have upheld *Simon*'s privity requirement. We are bound to apply *Simon*, and, in so doing, we must agree with the bankruptcy court and the BAP that Mingus was not in privity with Lombardo when the debtor drafted Stischok's will. Accordingly, Mingus lacks standing to sue Lombardo for malpractice.

AFFIRMED.