BOHAN, Appellant,

v.

**DENNIS C. JACKSON CO., L.P.A., Appellee.**

[Cite as *Bohan v. Dennis C. Jackson Co., L.P.A.*, 188 Ohio App.3d 446, 2010-Ohio-3422.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 93756

Decided July 22, 2010.

Levin & Associates Co., L.P.A., Joel Levin, Aparesh Paul, and Christopher M. Vlasich, for appellant.

Gallagher Sharp, Jay Clinton Rice, and Catherine F. Peters, for appellee.

---

MELODY J. STEWART, Presiding Judge.

{¶ 1} Plaintiff-appellant, Robert G. Bohan, appeals from a Civ.R. 12(B)(6) dismissal of his complaint for legal malpractice, breach of contract, and fraud against defendant-appellee, law firm Dennis C. Jackson Co., L.P.A. (the "firm"). Bohan, a beneficiary of a revocable trust established by his father, George H. Bohan, alleged that the firm had been retained to modify the terms of a trust, but failed to do so before the father died. The court held that Bohan lacked standing to bring a legal-malpractice claim because, as the beneficiary of a revocable trust, he was not in privity of contract. The court likewise dismissed the contract and fraud claims by finding that they were attempts to circumvent the lack of privity. We find no error and affirm.

## I

{¶ 2} Civ.R. 12(B)(6) allows a complaint to be dismissed for failure to state a claim only when it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *Cleveland Elec. Illum. Co. v. Pub. Util. Comm.* (1996), 76 Ohio St.3d 521, 524, 668 N.E.2d 889, citing *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 327 N.E.2d 753. "[W]hen a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584. The complaint cannot be dismissed unless it appears beyond all doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *O'Brien*, 42 Ohio St.2d at 245, 71 O.O.2d 223, 327 N.E.2d 753.

## II

{¶ 3} The complaint alleged that Bohan's father held his property in a revocable trust. The trust agreement provided that upon the death of the last survivor of Bohan's father or mother, the assets of the trust would be distributed ten percent to the Watch Tower Bible and Tract Society and 90 percent to Bohan.

{¶ 4} On May 9, 2006, Bohan and James Kennedy, an attorney with the firm, traveled to a nursing home to meet with the father. The complaint states that Kennedy "was aware of Bohan's father's severe medical conditions," but does not

otherwise state the nature of those conditions. The father indicated his desire to amend the trust by removing Watch Tower as a beneficiary with the intent of making Bohan the sole beneficiary of the trust. The father executed a handwritten statement directing the firm to amend the trust agreement to make Bohan the sole beneficiary. Bohan "believed that the Statement was an instrument sufficient to make him the sole beneficiary and to remove Watch Tower as a beneficiary."

{¶ 5} When the father died two days later on May 11, 2006, the firm had not yet amended the trust agreement. Bohan and Kennedy later met on a different matter, at which time Kennedy reviewed the father's statement of intent to amend the trust. He told Bohan it was "invalid" because it was "not a legal document."

### III

{¶ 6} Although not stated by the court as a ground for dismissing the legal-malpractice claim, we find dismissal warranted under authority of paragraph one of the syllabus to *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939: "A law firm does not engage in the practice of law and therefore cannot directly commit legal malpractice."

{¶ 7} Bohan's complaint named "Dennis C. Jackson Co., L.P.A." as the sole defendant. As stated by *Wuerth*, only an individual may practice law. Id. at ¶ 16. Individual attorneys may associate in law firms, but law firms are merely "business entit[ies] through which one or more individual attorneys practice their profession." Id. at ¶ 18. Law firms do not "engage in the practice of law and therefore cannot directly commit legal malpractice." Id. By naming only the firm as a defendant in this action, Bohan failed to name a party against whom relief in legal malpractice could be granted.

{¶ 8} Bohan acknowledges the principle set forth in *Wuerth*, but argues that it does not apply to this case because it was established after he filed his complaint.

{¶ 9} The rule governing application of a change in law to a case is that an intervening decision by the Supreme Court is applied retroactively unless the Supreme Court specifically decrees that the change in the law has only prospective application. *State ex rel. Bosch v. Indus. Comm.* (1982), 1 Ohio St.3d 94, 98, 1 OBR 130, 438 N.E.2d 415. An earlier decision is not considered to be bad law, but that it never was the law. *Peerless Elec. Co. v. Bowers* (1955), 164 Ohio St. 209, 210, 57 O.O. 411, 129 N.E.2d 467. The decision in *Wuerth* may have been released just days before the court dismissed Bohan's complaint, but that timing does nothing to diminish the applicability of the decision to this case. Bohan

sued a law firm and did not name any individual of the firm as a defendant. Because a law firm does not practice law, it could not be liable to Bohan for legal malpractice. Dismissal is justified on this basis.

## IV

{¶ 10} Even without the rule of law set forth in *Wuerth*, we conclude that the court did not err by dismissing Bohan's legal-malpractice claim.

{¶ 11} Attorneys "are not liable to a third party for the good-faith representation of a client, unless the third party is in privity with the client for whom the legal services were performed." (Citation omitted.) *Shoemaker v. Gindlesberger*, 118 Ohio St.3d 226, 2008-Ohio-2012, 887 N.E.2d 1167, at ¶ 9. See also *Scholler v. Scholler* (1984), 10 Ohio St.3d 98, 10 OBR 426, 462 N.E.2d 158, paragraph one of the syllabus.

{¶ 12} Privity is defined as "[t]he connection or relationship between two parties, each having a legally recognized interest in the same subject matter." (Citation omitted.) *Shoemaker* at ¶ 10. In *Simon v. Zipperstein* (1987), 32 Ohio St.3d 74, 512 N.E.2d 636, the Supreme Court held that the beneficiary of a will whose interest had not vested lacked privity to bring a legal-malpractice action in the drafting of the will. The justification for this rule was set forth in *W.D.G., Inc. v. Mut. Mfg. & Supply Co.* (Nov. 4, 1976), 10th Dist. No. 76AP–366, 5 O.O.3d 397:

{¶ 13} "Some immunity from being sued by third persons must be afforded an attorney so that he may properly represent his client. To allow indiscriminate third-party actions against attorneys of necessity would create a conflict of interest at all times, so that the attorney might well be reluctant to offer proper representation to his client in fear of some third-party action against the attorney himself." See also *Simon*, 32 Ohio St.3d at 76, 512 N.E.2d 636.

{¶ 14} The complaint plainly states that the trust was "revocable"—meaning that the settlor reserved the right to revoke during his lifetime. See *Green v. Shall*, 6th Dist. No. L–03–1123, 2004-Ohio-1653, 2004 WL 628649, at ¶ 32. If the trust was revocable, Bohan's interest could not vest until the death of his father. *Smith v. Brooks* (Sept. 14, 2000), Cuyahoga App. No. 76564, 2000 WL 1297702. Without a vested interest in the trust, Bohan was not in privity with the firm and thus could not prove an essential element of a legal-malpractice claim. *Ryan v. Wright*, 10th Dist. No. 06AP–962, 2007-Ohio-942, 2007 WL 661815, at ¶ 17.

{¶ 15} Bohan argues that any discussion of privity is irrelevant because he alleged that he was a "client" of the firm—an allegation sufficient to defeat the firm's motion to dismiss. He alleged that he "was a client of the Law Firm from on or before May 9, 2006 through or on or about July 31, 2007 for many services

including, but not limited to, receiving advice and counsel regarding his father's property held in trust by Trustee U.S. Bank pursuant to a Revocable Trust Agreement * * *."

{¶ 16} While this allegation asserted that there had been an attorney-client relationship between Bohan and the firm for advice and counsel regarding the trust, it did not allege that the statement directing the firm to amend the trust arose from this attorney-client relationship. In fact, the complaint showed otherwise. Bohan appended to his complaint as "Exhibit B" a retainer agreement between the father and the firm that listed the father as the "client." The retainer agreement stated the "service description" as "Complete Amendments and Restatement of George H. Bohan Revocable Trust Agreement dated August 6, 2004." Bohan's name is not mentioned in the retainer agreement, nor is there any allegation that Bohan had legal authority to modify the terms of the trust. The statement of intent to modify the trust plainly derived from the father: the memorandum-style heading of the statement, said it was "From: George H. Bohan." The father signed the statement, and Bohan's name appeared only in the context of his being named the sole beneficiary of the trust.

{¶ 17} The four corners of the complaint plainly show that Bohan had no attorney-client relationship with the firm for purposes of preparing and executing a statement of intent to amend the trust. Without the allegation of an attorney-client relationship regarding the amendment of the trust, Bohan failed to show that he was in privity with the firm sufficient to establish standing to bring a legal-malpractice claim. The court did not err by dismissing the legal-malpractice claim.

## V

{¶ 18} We likewise find no error in the court's conclusion that the remaining claims for breach of contract and fraud were asserted as a means of circumventing the privity requirement.

{¶ 19} In *Mackey v. Luskin*, 8th Dist. No. 88874, 2007-Ohio-5844, 2007 WL 3205869, we stated: "We first note that 'an action against one's attorney for damages resulting from the manner in which the attorney represented the client constitutes an action for malpractice within the meaning of R.C. 2305.11, regardless of whether predicated upon contract or tort or whether for indemnification or for direct damages." Id. at ¶ 13, quoting *Muir v. Hadler Real Estate Mgt. Co.* (1982), 4 Ohio App.3d 89, 90, 4 OBR 170, 446 N.E.2d 820. We have also rejected the assertion of fraud claims as a means of circumventing the one-year statute of limitations for legal malpractice. See, e.g., *Nwabara v. Schoby* (Nov. 13, 1986), Cuyahoga App. No. 51211, 1986 WL 12852; *Wozniak v. Tonidandel* (Oct. 1, 1998), Cuyahoga App. No. 73086, 1998 WL 685497.

{¶ 20} Bohan's breach-of-contract and fraud claims are truly claims for legal malpractice. The breach-of-contract claim was premised on "[t]he Law Firm's failure to amend the Trust Agreement pursuant to the terms of the Contract * * *." The fraud claim was premised on Bohan's stated belief that the father's statement was sufficient to effectuate an amendment to the trust, but that the firm knew the statement could not amend the trust "but failed to disclose this fact which was material to the transaction and Law Firm engagement." At all events, the breach-of-contract and fraud claims are premised on the firm's alleged failure to amend the trust prior to the father's death—a matter related to the manner in which the firm represented the father. These claims fall within the realm of legal malpractice and were, as the court concluded, designed to circumvent the privity rule for malpractice claims. The assigned errors are overruled.[1]

Judgment affirmed.

SWEENEY and JONES, JJ., concur.

---

1. Our disposition of this assignment of error obviates the need for any discussion of the statute of limitations contained in the firm's R.C. 2505.22 assignment of error in support of the court's dismissal.