[Cite as *Berkmyer v.Serra*, 2011-Ohio-5901.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


JILL BERKMYER ET AL.,                  JUDGES:
                                        Hon. W. Scott Gwin, P.J.

      Appellants,                Hon. Sheila G. Farmer, J.
                                        Hon. Patricia A. Delaney, J.

v.

ROSEMARY C. SERRA ET Al.,       Case No. 2011CA00068


      Appellees.         O P I N I O N




CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                                        Pleas, Case No. 2010CV002264




JUDGMENT:                         Affirmed




DATE OF JUDGMENT:            November 14, 2011




APPEARANCES:

For Plaintiffs-Appellants           For Defendants-Appellees

FRANK J. WITSCHEY             STEVEN G. JANIK
CRAIG S. HORBUS               COLIN P. SAMMON
405 Rothrock Road, Ste. 103        SEAN T. NEEDHAM
Akron, OH  44321                9200 South Hills Boulevard, Ste. 300
                                         Cleveland, OH  44147


*Farmer, J.*

{¶ 1} On June 15, 2010, appellants, Jill Berkmyer, Gretchen Lab, Kimberly Lewis, and Gretchen Lab as Trustee of the Tanya L. Green Trust, filed a complaint against appellee, Rosemary Serra, Esq., claiming legal malpractice for negligence, breach of fiduciary duty, and intentional interference with expectancy of inheritance. The complaint arose from appellee's representation of Merelyn M. Molder-Hirst in drafting her estate planning documents namely, the Merelyn M. Hirst Revocable Trust Agreement and subsequent amendments. Appellants were named beneficiaries under the agreement.

{¶ 2} On November 15, 2010, appellants filed an amended complaint adding new claims of legal practice for negligence plus conduct, conversion, unjust enrichment, and declaratory judgment for constructive trust, and new party defendants, all beneficiaries under the aforementioned trust agreement.

{¶ 3} On December 30, 2010, appellee filed a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. Appellee argued appellants did not have standing to bring the lawsuit as privity did not exist between the parties, and the negligence plus conduct allegation did not rise to the level of malice necessary to circumvent the privity requirement in legal malpractice actions. By order filed March 8, 2011, the trial court granted the motion and dismissed appellants' claims for legal malpractice for negligence, legal malpractice for negligence plus conduct, and intentional interference with expectancy of inheritance. Appellants voluntarily dismissed the remaining claims on March 28, 2011.

{¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 5} "WITH SUFFICIENT ALLEGATIONS PLEAD IN APPELLANTS' COMPLAINT TO PLACE AT ISSUE WHETHER APPELLANTS SUFFERED DAMAGES AS A PROXIMATE RESULT OF APPELLEE'S PROFESSIONAL NEGLIGENCE, THE TRIAL COURT ERRED BY FINDING OTHERWISE AND SUSTAINING APPELLEE'S MOTION TO DISMISS."

I

{¶ 6} Appellants claim the trial court erred in granting appellee's motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. We disagree.

{¶ 7} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contractors, Inc.* (1990), 49 Ohio St.3d 228. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Board of Commissioners,* 65 Ohio St.3d 545, 1992-Ohio-73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd. v. Faber* (1991), 57 Ohio St.3d 56.

{¶ 8} Appellants argue despite the lack of privity between the parties, their claim for legal malpractice is sustainable. As the June 15, 2010 complaint sets forth, appellants are named beneficiaries of the Molder-Hirst Trust. Appellant Lab is the trustee of the Tanya L. Green Trust established by the Molder-Hirst Trust. See, Complaint at ¶1-4. Appellee is an attorney hired as the drafter of the Merelyn M. Hirst

Revocable Trust Agreement and subsequent amendments.    Complaint at ¶7-11. Appellee represented Merelyn M. Molder-Hirst.   Complaint at ¶12-14.   In Counts One and Two, appellants affirmatively state that an attorney-client relationship existed between appellee and Mrs. Molder-Hirst.

{¶ 9}   In granting the motion to dismiss, the trial court found no privity between the parties and no claim of malice against appellee.  See, Order filed March 8, 2011.  In support, the trial court relied on the case of *Simon v. Zipperstein* (1987), 32 Ohio St. 3d 74, 76, wherein the Supreme Court of Ohio stated the following:

{¶ 10} "It is by now well-established in Ohio that an attorney may not be held liable by third parties as a result of having performed services on behalf of a client, in good faith, unless the third party is in privity with the client for whom the legal services were performed, or unless the attorney acts with malice."

{¶ 11} The trial court also relied on this court's opinion in *Schlegel v. Gindlesberger,* Holmes App. No. 05 CA 11, 2006-Ohio-6917, ¶15, wherein this court stated, "[w]e are bound by precedent to follow the Ohio Supreme Court's decision in the *Simon v. Zipperstein* case."  This court went on to state the following at ¶16:

{¶ 12} "Despite our conclusion, we invite the Ohio Supreme Court to revisit this issue because there should always be a remedy to any wrong.  We find Justice Brown's dissent in *Simon v. Zipperstein,* supra, persuasive as he correctly notes that, '***the use of privity as a tool to bar recovery has been riddled***to the extent that we are left with legal malpractice as perhaps, the only surviving relic.'  *Id.* at 77, 512 N.E.2d 636. Without relaxing the concept of privity, intended beneficiaries may suffer damages

without any remedy and an attorney who negligently drafts a will is immune from liability to those persons whom the testator intended to benefit under his or her will."

{¶ 13} Appellants invite us to revisit the issue of privity in legal malpractice actions. In doing so, appellants ask this court to embrace Justice Brown's dissent in *Zipperstein,* and the concurring opinion of former Chief Justice Thomas Moyer in *Shoemaker v. Gindlesberger,* 118 Ohio St. 3d 226, 2008-Ohio-2012, ¶33:

{¶ 14} "I am persuaded that, as Justice Brown argued, the issue of an attorney's conflict of interest does not arise if an intended beneficiary has a cause of action in negligence for an attorney's preparation of a will. I am also persuaded that there is a strong need for attorney accountability in preparing wills. It serves no purpose to continue to invoke a strict rule of privity to protect the malpractice of a lawyer when we have abrogated that rule with respect to the liability of other professionals, such as accountants and architects. For this reason, if presented with a different set of facts, I would be in favor of revisiting our decision in *Zipperstein* in the context of the holding of *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256."

{¶ 15} Unlike *Shoemaker,* this case does not include a claim for fraud, collusion, or deception by appellee in her representation of Mrs. Molder-Hirst or a claim of faulty legal advice. Appellants by innuendo raise a specter of undue influence exerted by Mrs. Molder-Hirst's now deceased husband, Robert R. Hirst.

{¶ 16} As we stated in *Schlegel,* supra, it is our belief that *Zipperstein* is binding under the theory of stare decisis. Because of this state's long standing embrace of this theory, we are not inclined to take a step into the abyss by going against the Supreme

Court of Ohio in a case that does not demonstrate the need when other remedies were available to appellants.

{¶ 17} The sole assignment of error is denied.

{¶ 18} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and Delaney, J. concur.

_s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_s/ Patricia A. Delaney_____

JUDGES

[Cite as *Berkmyer v.Serra*, 2011-Ohio-5901.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

JILL BERKMYER ET AL.,                   :
                                        :
    Appellants,                         :
                                        :
v.                                      :          JUDGMENT ENTRY
                                        :
ROSEMARY C. SERRA ET AL.,               :
                                        :
    Appellees.                          :          CASE NO. 2011CA00068


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellants.


    s/ Sheila G. Farmer_____


    s/ W. Scott Gwin_____


    s/ Patricia A. Delaney_____

              JUDGES