**DYKES, Admr., et al., Appellants,**

v.

**GAYTON et al., Appellees.**

[Cite as *Dykes v. Gayton* (2000), 139 Ohio App.3d 395.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–1073.

Decided May 23, 2000.

*Ray & Alton, L.L.P., Frank A. Ray* and *Barbara A. Roubanes,* for appellants.

*Nemeth, Caborn & Butauski, John C. Nemeth* and *David A. Caborn,* for appellees.

KENNEDY, Judge.

This appeal raises an important public policy issue: Whether a decedent's attorney may be sued by the decedent's intended beneficiaries and the court-appointed administrator for the attorney's negligence in failing to obtain the statutorily required signature of an attesting witness, which negligence results in the probate court's denying admission of decedent's will to probate.

Factually, there is little, if any, dispute. In September 1980, appellee, Charles Gayton, prepared a last will and testament on behalf of decedent, Alice Lucille Weilert. Unfortunately, appellee failed to obtain the statutorily required signature of one of the two attesting witnesses. Subsequent to the decedent's death in November 1997, her will was filed with the Franklin County Probate Court.

However, the probate court denied admission of the will to probate because of the statutory defect caused by the missing witness signature. Appellants are all intended beneficiaries under the defective will of decedent with the exception of appellant, Robert Dykes, who is the court-appointed administrator (the defective will named Sandra Louise Sayre, one of appellant-beneficiaries, as the executor). All of appellants allege economic loss as the direct and proximate result of Gayton's negligence in preparation of the will.

Procedurally, the trial court granted appellees' motion to dismiss because appellants failed to allege in their complaint "privity" with the decedent. The trial court correctly cites the Ohio Supreme Court's decisions of *Scholler v. Scholler* (1984), 10 Ohio St.3d 98, 10 OBR 426, 462 N.E.2d 158, and *Simon v. Zipperstein* (1987), 32 Ohio St.3d 74, 512 N.E.2d 636, as the controlling authority, which supports the proposition that an attorney is immune from liability to third-parties arising from his/her performance as an attorney in good faith on behalf of his/her client unless the third-party is in privity with the client or the attorney acts with malice. We are compelled to affirm the trial court's decision pursuant to that same authority.

Appellants raise one assignment of error:

"With sufficient allegations pleaded in appellants' complaint to place at issue whether appellants suffered damages as a proximate result of appellees' professional negligence, the trial court erred by finding otherwise and sustaining appellees' motion to dismiss."

Within appellant's single assignment of error, three issues were presented for review:

"1. Whether a 'special circumstances' exception to an attorney's immunity from third-party claims exists when allegations concern the attorney's professional negligence surrounding the procedural execution of the last will and testament of a deceased client.

"2. Whether inclusion of the court-appointed fiduciary of the estate as a plaintiff in the legal malpractice action, acting as the *alter ego* of the deceased client, precludes granting of a motion to dismiss.

"3. Whether Article I, Section 16 of the Ohio Constitution, which guarantees a right-to-a-remedy, is violated by the trial court's dismissal of Appellants' action."

The trial court addressed each of these issues in its decision granting appellees' motion to dismiss appellants' complaint filed December 17, 1998.

We agree with the trial court's decision which, in short, held that the current case law authority does not recognize any "special circumstances" exception to an attorney's immunity from third-party claims that falls within the facts

398

presented here, and specifically the holding in *Simon* is contrary to appellants' position.

■ Moreover, there is no statutory or case law authority that supports appellants' "alter ego" theory in regard to Dykes, the court-appointed administrator, and, finally, there was no violation of Section 16, Article I of the Ohio Constitution, because our common law does not recognize a third-party claim against an attorney without the required "privity" with the decedent or malice on behalf of the attorney. See, generally, *Johnson v. Koppers Co., Inc.* (N.D.Ohio 1981), 524 F.Supp. 1182.

We believe, however, that appellants raise a persuasive public policy argument which requests that we balance the public policy that supports the right of a testator to make a will and have its provisions carried out with the public policy that favors some immunity for attorneys, as against lawsuits by third-parties, so that the attorney may properly represent his client without the fear of indiscriminate third-party actions. *Scholler, Simon.* This case may indeed be appropriate for review by our state's highest court, and we would respectfully invite the same.

Accordingly, appellants' sole assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

PEGGY BRYANT and LAZARUS, JJ., concur.