OPINION
{¶ 1} Plaintiff-appellant, William R. Lutz, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss of defendant-appellee, Jacintha Kraft Balch. Plaintiff assigns a single error:
The court erred to the prejudice of plaintiff-appellant when it granted defendant-appellee summary judgment.
Because the trial court properly concluded plaintiff lacked the necessary privity with defendant to maintain a legal malpractice claim against her, we affirm.
 {¶ 2} Some of the underlying facts giving rise to plaintiff's legal malpractice action against defendant are undisputed. Specifically, defendant prepared a will and trust agreement for each of plaintiff's parents, Dr. W. Beale Lutz and Joan R. Lutz. On April 9, 2003, Joan Lutz died; her will was admitted to probate. Pursuant the provisions of her trust, the revocable trust became irrevocable on her death. Subsequent to the death of plaintiff's mother, defendant prepared an updated will and an amended trust for plaintiff's father, who executed the documents. Following the death of Dr. Lutz on December 6, 2003, his will was admitted to probate in Franklin County. Pursuant to the provisions of his trust, the revocable trust became irrevocable on his death.
 {¶ 3} Convinced that defendant, an attorney, negligently prepared his parents' wills and trusts by failing to minimize the estate taxes to be paid on their deaths, plaintiff filed an action on April 5, 2004 against defendant in the Hamilton County Common Pleas Court. Plaintiff also named three involuntary plaintiffs: his brother and sister, as vested beneficiaries of the wills and trusts of plaintiff's parents, and Park National Bank, "executor of the wills and trustee of the trusts" of plaintiff's parents, because it refused to bring an action against defendant on behalf of the beneficiaries of the wills and trusts. (Plaintiff's complaint, ¶ 2.)
 {¶ 4} In response to plaintiff's complaint, defendant filed a motion to transfer the matter to the Franklin County Common Pleas Court. The motion was granted, and the matter was transferred to Franklin County where it was filed on July 16, 2004. On July 23, 2004, Park National Bank filed a "Notice of Entry of Appearance and Statement of Position," explaining that "it did not believe that there was adequate justification for the filing of this lawsuit. Therefore, based upon this belief, Park National refused to file said lawsuit."
 {¶ 5} Following discovery, defendant filed a motion for summary judgment, contending (1) plaintiff could not maintain an action against her for legal malpractice as he lacked standing, and (2) defendant provided high quality estate planning services and breached no duty of care. After the parties fully briefed the motion, the trial court granted summary judgment to defendant, concluding plaintiff lacked the necessary privity with defendant to maintain a legal malpractice claim against her. Plaintiff's single assignment of error contends the trial court erred in determining plaintiff lacked privity with defendant and thus erred in granting summary judgment to defendant.
 {¶ 6} An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker
(1995), 101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular,Inc. (1994), 94 Ohio App.3d 579, 588. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; Stateex rel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181. Plaintiff's appeal raises only a legal question: whether plaintiff, who never had an attorney-client relationship with defendant, may sue her for legal malpractice because he is a beneficiary of the estate planning services defendant provided to plaintiff's parents.
 {¶ 7} To establish a cause of action for legal malpractice in a civil matter, plaintiff must demonstrate (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. Krahn v.Kinney (1989), 43 Ohio St.3d 103, 105. Although plaintiff undisputedly did not have an attorney-client relationship with defendant, he asserts he is a third party who suffered damages as a result of defendant's negligently preparing his parents' wills and trusts and is entitled to sue defendant for the damages he sustained.
 {¶ 8} "An attorney is immune from liability to third persons arising from [the attorney's] performance as an attorney in good faith on behalf of, and with knowledge of [the attorney's] client, unless such third person is in privity with the client or the attorney acts maliciously." Scholler v. Scholler (1984),10 Ohio St.3d 98, paragraph one of the syllabus. "The rationale for this posture is clear: the obligation of an attorney is to direct [the attorney's] attention to the needs of the client, not to the needs of a third party not in privity with the client." Simon v.Zipperstein (1987), 32 Ohio St.3d 74, 76.
 {¶ 9} Using Scholler as its starting point, the Supreme Court in Zipperstein held that in the absence of fraud, collusion, or malice, a beneficiary or purported beneficiary of a will may not hold an attorney liable in a malpractice action where privity is lacking. In that case, the court concluded privity was lacking because the "appellee, as a potential beneficiary of his father's estate, had no vested interest in the estate." Id. at 77. See, also, Dykes v. Gayton (2000),139 Ohio App.3d 395.
 {¶ 10} Here, as plaintiff's complaint concedes, plaintiff's parents reserved the right to revoke or amend their trusts during their lifetimes. See Declaration of Trust, Article I(1). After plaintiff's mother died, the trusts were administered for the benefit of plaintiff's father. As a result, plaintiff remained only a potential beneficiary until the death of his father on December 6, 2003. At that point, the provisions of Article III applied to provide for distribution to Dr. Lutz's children, and plaintiff's interest in his father's estate vested. Defendant, however, provided no legal services subsequent to the death of Dr. Lutz; she rendered tax advice and estate planning services only during the lifetimes of and to plaintiff's parents. Cf.Elam v. Hyatt Services (1989), 44 Ohio St.3d 175 (concluding that a beneficiary of an estate who is in privity with the fiduciary of the estate may sue in legal practice the attorney who, subsequent to the decedent's death, provided legal services for the fiduciary).
 {¶ 11} Because plaintiff had no attorney-client relationship with defendant, who provided legal services to plaintiff's parents at a time when plaintiff had no vested interest, plaintiff lacks the necessary privity to maintain a legal malpractice action against defendant. See Lewis v. Star Bank,N.A. (1993), 90 Ohio App.3d 709 (noting that as long as the decedent retained the power to revoke the trust during her lifetime, her children had no absolute entitlement to anything, as their interests were subject to complete divestment while the decedent was alive, resulting in the decedent's children lacking the necessary privity with the defendant law firm to sue for mistakes arising from pre-death advice to the decedent); Smithv. Brooks (Sept. 14, 2000) Cuyahoga App. No. 76564 (concluding that because no evidence established an attorney-client relationship between the plaintiffs and the defendant attorneys regarding the decedent's estate planning, and because plaintiffs' interests were not vested under the revocable trust until the decedent's death, plaintiffs lacked privity to maintain a legal malpractice action against defendant attorneys).
 {¶ 12} While plaintiff attempts to rely on the Supreme Court's opinion in Ex parte Bevan (1933), 126 Ohio St. 126, the case is inapplicable: because Ex parte Bevan did not involve legal malpractice, the trial court did not address the issue of privity, a matter on which the Supreme Court has spoken definitively in Scholler and Zipperstein. Based on Scholler
and Zipperstein, we overrule plaintiff's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
TRAVIS and WHITESIDE, JJ., concur.