OPINION
{¶ 1} Appellant Roy Schlegel ("appellant") appeals the decision rendered by the Holmes County Court of Common Pleas that granted Appellee Thomas Gindlesberger's motion for summary judgment dismissing appellant's legal malpractice claim. Appellant also appeals the trial court's denial of his motion for summary judgment on the unjust enrichment claim filed against him by Appellees Robert Schlegel, et al. ("appellees"). The following facts give rise to this appeal.
 {¶ 2} In 1986, the decedent, Margaret Schlegel, executed her last will and testament prepared by Appellee Attorney Thomas Gindlesberger. The decedent's three children, Roy Schlegel, Robert Schlegel and Anna Shoemaker, were the beneficiaries under the will. In 1990, Appellee Gindlesberger also assisted the decedent in executing a general warranty deed, with joint right of survivorship, in which she conveyed most of her interest in a property known as "Hanna Farm" to appellant.
 {¶ 3} The decedent died on June 30, 2003. In July 2003, her will was admitted to probate in the Holmes County Court of Common Pleas. The assets comprising the decedent's estate had to be sold to pay the state and federal estate taxes. Appellant blamed Appellee Gindlesberger. Appellant claimed Appellee Gindlesberger's representation of the decedent was negligent because Appellee Gindlesberger failed to advise her of the tax consequences of making an inter vivos transfer of Hanna Farm to him, while maintaining a life estate.
 {¶ 4} Thereafter, on June 29, 2004, appellees filed a complaint in the Holmes County Court of Common Pleas alleging legal malpractice against Appellee Gindlesberger. Appellees also sued appellant claiming appellant effectively received an inheritance by receiving Hanna Farm from the decedent. Appellees maintain this distribution frustrated the decedent's intent to divide her property evenly among her children and as a result, appellant was unjustly enriched by Appellee Gindlesberger's negligence.
 {¶ 5} Appellant filed an answer and cross-claim, for legal malpractice, against Appellee Gindlesberger due to the fact that appellee did not receive any assets under the decedent's will. All parties moved for summary judgment. The trial court issued a judgment entry on December 5, 2005, in which it denied appellant's motion for summary judgment on the unjust enrichment claim. The trial court granted Appellee Gindlesberger's motion for summary judgment dismissing the legal malpractice claims filed by appellant and appellees.
 {¶ 6} Appellant filed a notice of appeal on December 22, 2005, which is designated Case No. 05 CA 10. Appellees filed a notice of appeal on December 29, 2005, which is designated Case No. 05 CA 11. Appellant sets forth the following assignments of error for our consideration:
 {¶ 7} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR SUMMARY JUDGMENT ON THE UNJUST ENRICHMENT CLAIM BECAUSE THERE WAS NO EVIDENCE THAT APPELLEES CONFERRED A BENEFIT TO APPELLANT.
 {¶ 8} "II. THE TRIAL COURT ERRED IN DISMISSING THE MALPRACTICE CLAIM AGAINST GINDLESBERGER."
 Motion to Dismiss {¶ 9} Prior to addressing the assignments of error presented by appellant, we must address whether appellant has appealed from a final, appealable order. Appellees raised this issue in a motion to dismiss. In response to the motion to dismiss, we issued a judgment entry stating that we would consider the motion to dismiss at the merit review of this matter. Upon review, we find appellees' motion well-taken as it pertains to appellant's assignment of error addressing the denial of his motion for summary judgment regarding the unjust enrichment claim.
 {¶ 10} Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed. Further, in State ex rel. Keith v.McMonagle, 103 Ohio St.3d 430, 2004-Ohio-5580, at ¶ 4, the Ohio Supreme Court held that, "[a] judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." [Citation omitted.] "A `final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States (1945), 324 U.S. 229,233.
 {¶ 11} R.C. 2505.02(B) defines final orders as follows:
 {¶ 12} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 13} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 14} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 15} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 16} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 17} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 18} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 19} "(5) An order that determines that an action may or may not be maintained as a class action. * * *"
 {¶ 20} We find the judgment entry which appellant seeks to appeal concerning the denial of his motion for summary judgment on the unjust enrichment claim is not a final appealable order. The denial of a motion for summary judgment does not constitute a final appealable order under R.C. 2505.02 and therefore, is not subject to immediate appeal.Celebrezze v. Netzley (1990), 51 Ohio St.3d 89, 90. We are cognizant of the fact that the trial court included language pursuant to Civ. R. 54(B) in its December 5, 2005 judgment entry.
 {¶ 21} Civ. R. 54(B) provides:
 {¶ 22} "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 23} However, "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order."Noble v. Colwell (1989), 44 Ohio St.3d 92, 96. To be final and appealable, the judgment entry must also comply with R.C. 2505.02. Id. In the case sub judice, the portion of the judgment entry that denied Appellant Roy Schlegel's motion for summary judgment on the unjust enrichment claim does not comply with R.C. 2505.02. Although the judgment entry at issue contains Civ. R. 54(B) language, as stated above, the judgment entry is not final pursuant to R.C. 2505.02 because the denial of a motion for summary judgment generally is not a final appealable order. Accordingly, we dismiss appellant's First Assignment of Error.
 II {¶ 24} In his Second Assignment of Error, appellant contends the trial court erred when it granted Appellee Gindlesberger's motion for summary judgment and dismissed appellant's legal malpractice claim against him. We disagree.
 {¶ 25} Our standard of review is de novo, and as an appellate court, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. Accordingly, an appellate court must independently review the record to determine whether summary judgment was appropriate, and we need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704, 711; Morehead v. Conley (1991), 75 Ohio App.3d 409,411-412.
 {¶ 26} Civ. R. 56(C) provides:
 {¶ 27} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only [therefrom], that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 28} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence that demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107.
 {¶ 29} The issue presented in this assignment of error is whether appellant has standing to bring a negligence claim against the decedent's attorney. In order to establish a cause of action for malpractice, a plaintiff must establish a tripartite showing: an attorney-client relationship giving rise to a duty, a breach of that duty, and damages proximately caused by the breach. Vahila at syllabus, following Krahn v. Kinney (1989), 43 Ohio St.3d 103.
 {¶ 30} In its judgment entry granting Appellee Gindlesberger's motion for summary judgment, the trial court concluded there was no evidence that an attorney-client relationship existed or sufficient privity, with an attorney-client relationship, between Appellee Gindlesberger and appellant. Judgment Entry, Dec. 5, 2005, at 6. In reaching this conclusion, the trial court referenced the Ohio Supreme Court's decision in Simon v. Zipperstein (1987), 32 Ohio St.3d 74, wherein the Ohio Supreme Court held that in the absence of fraud, collusion or malice, an attorney may not be held liable in a malpractice action by a beneficiary or purported beneficiary of a will where privity is lacking. Id. at 76.
 {¶ 31} Appellant argues this general rule of privity should be abandoned because an attorney who drafts a will, for a client, is aware that his or her professional competence affects not only the client but also those whom the client intends to benefit from that will. We are bound by precedent to follow the Ohio Supreme Court's decision in theSimon v. Zipperstein case. Therefore, we find the only individual to have an attorney-client relationship with Appellee Gindlesberger was the decedent. Appellee Gindlesberger drafted the last will and testament and survivorship deed on behalf of the decedent. Further, appellant does not allege fraud, bad faith, collusion or other malicious conduct that would justify departure from the general rule.
 {¶ 32} Despite our conclusion, we invite the Ohio Supreme Court to revisit this issue because there should be a remedy to any wrong. We find Justice Brown's dissent in Simon v. Zipperstein, supra, persuasive as he correctly notes that, "* * * the use of privity as a tool to bar recovery has been riddled * * * to the extent that we are left with legal malpractice as perhaps, the only surviving relic." Id. at 77. Without relaxing the concept of privity, intended beneficiaries may suffer damages without any remedy and an attorney who negligently drafts a will is immune from liability to those persons whom the testator intended to benefit under his or her will.
 {¶ 33} Appellant's Second Assignment of Error is overruled.
 {¶ 34} For the foregoing reasons, the judgment of the Court of Common Pleas, Holmes County, Ohio, is hereby affirmed in part and dismissed in part.
By: Wise, P. J. Farmer, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed in part and dismissed in part consistent with this opinion.
Costs to be split equally between the parties.