OPINION
{¶ 1} James L. Ryan, plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court granted summary judgment to Paul L. Wright (individually "Wright") and Wright Law Co., L.P.A., defendants-appellees (collectively "appellees").
 {¶ 2} Wright is an attorney for Wright Law Co., L.P.A. In July 1994, Wright prepared a will for Thomas Ludwick. In October 1996, Wright met with Ludwick at the nursing home where Ludwick resided to discuss the drafting of a new will. Wright drafted *Page 2 
the will, in which Ludwick devised a 705-acre farm to appellant. During this period, Ludwick was more lucid on some days than others, as a result of his advanced age, medications, and overall medical condition. On January 22, 1997, Wright received a telephone call from staff at Ludwick's nursing home informing him that Ludwick was lucid that day. Wright returned to the nursing home, and, after adjudging Ludwick to be competent, had Ludwick sign the new will ("1997 will"), with a nursing home director acting as a witness.
 {¶ 3} On January 25, 1997, Wright had Ludwick examined for competency by Dr. Robert Fathman, whom Wright had scheduled to examine Ludwick prior to the January 22, 1997 signing. Wright had intended to have Ludwick sign the will again after Dr. Fathman found Ludwick to be competent. Dr. Fathman determined that Ludwick was not competent on that day, but Wright did not tell Dr. Fathman that Ludwick had signed the 1997 will three days prior. On January 27, 1997, Wright instructed one of his employees to write on every page of Ludwick's 1997 will "void," and Wright wrote "void since incompetent per Dr[.] Fathman on 1/25/97" on the first page. Wright never spoke to Ludwick again, and Ludwick died three weeks later.
 {¶ 4} Litigation ensued with regard to the defaced 1997 will, with certain of Ludwick's heirs contesting its admission to probate. The probate court did not admit the 1997 will to probate, and appellant in the present case appealed in that case. In In re Ludwick (May 24, 1999), Fayette App. No. CA98-11-020, the court of appeals reversed the probate court and found that the 1997 will should have been admitted to probate. In 2003, appellant settled the matter with Ludwick's heirs. As part of the settlement, appellant received $466,500. The value of the 705-acre farm was over $1,000,000. *Page 3 
 {¶ 5} On October 8, 2004, appellant brought a legal malpractice action against appellees, arguing that Wright acted maliciously and negligently when he indicated on the 1997 will that the will was void and Ludwick was incompetent. On June 19, 2006, appellees filed a motion for summary judgment, asserting: (1) appellant did not have standing to sue appellees; (2) writing "void" on the will did not render it invalid; thus, such could not serve as a basis for appellant's damages; and (3) appellant chose to settle with the heirs rather than obtain a judicial determination of his rights; thus, appellant was estopped from pursuing the action for malpractice. On September 1, 2006, the trial court granted the motion for summary judgment, finding that appellant did not have standing to assert a claim for malpractice against appellees. Appellant appeals the judgment of the trial court, asserting the following assignments of error:
 [I.] THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFF-APPELLANT BY GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.
 [II] THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFF-APPELLANT BY FINDING THAT PLAINTIFF-APPELLANT PRESENTED NO EVIDENCE THAT DEFENDANT-APPELLEE ACTED MALICIOUSLY AFTER THE TESTATOR EXECUTED HIS WILL SO AS TO CREATE FOR PLAINTIFF-APPELLANT STANDING TO SUE DEFENDANT-APPELLEE.
 [III] THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFF-APPELLANT BY FINDING THAT THERE WAS NO GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER DEFENDANT-APPELLEE ACTED MALICIOUSLY AFTER THE TESTATOR EXECUTED HIS WILL[.]
 [IV] THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFF-APPELLANT BY HOLDING THAT AN INTENDED, NON-RELATIVE BENEFICIARY IN AN OHIO WILL DOES NOT HAVE STANDING TO SUE THE *Page 4 
 TESTATOR'S LAWYER FOR NEGLIGENCE WHICH PROXIMATELY CAUSES THE WILL TO FAIL.
 {¶ 6} We will address appellant's second, third, and fourth assignments of error together, as they are related. In these assignments of error, appellant argues that the trial court erred in finding that he had no standing to bring a cause of action for legal malpractice against appellees. Appellate courts consider an appeal from summary judgment under a de novo standard of review, which requires an independent review of the trial court's decision. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Thus, this court applies the same standard as the trial court, viewing the facts of the case in a light most favorable to the non-moving party. Civ.R. 56(C); Norris v. Ohio Std. Oil Co. (1982),70 Ohio St.2d 1, 2. Summary judgment is proper under Civ.R. 56 when: (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. Civ.R. 56(E) provides that, after the moving party has satisfied its burden of supporting its motion for summary judgment, the non-moving party may overcome summary judgment by demonstrating that a genuine issue exists to be litigated for trial.State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 449. *Page 5 
 {¶ 7} To establish a case for legal malpractice one must prove three elements: (1 ) the attorney owed a duty; (2) there was a breach of that duty and the attorney failed to conform to the standard of care required by law; and (3) there was a causal connection between the conduct complained of and the resulting damage. Vahila v. Hall (1997),77 Ohio St.3d 421, 427. If a plaintiff fails to establish a genuine issue of material fact as to any of the foregoing elements, the defendant is entitled to summary judgment on a legal malpractice claim. AdvancedAnalytics Laboratories v. Kegler, Brown, Hill Ritter,148 Ohio App.3d 440, 2002-Ohio-3328, at 34.
 {¶ 8} Appellant asserts he sustained damages as a result of appellees' negligent actions regarding the 1997 will and that he is entitled to damages as a result of appellees' conduct. Attorneys in Ohio enjoy a qualified immunity from liability to a third party arising out of acts he or she takes while representing a client. Hahn v. Satullo,156 Ohio App.3d 412, 2004-Ohio-1057, at 69. An attorney is immune from liability to third parties as a result of having performed services on behalf of a client, in good faith, unless the third party is in privity with the client for whom the legal services were performed, or unless the attorney acts with malice. Scholler v. Scholler (1984),10 Ohio St.3d 98, paragraph one of the syllabus. The rationale for this tenet is that "[t]he obligation of an attorney is to direct his attention to the needs of the client, not to the needs of a third party not in privity with the client." Simon v. Zipperstein (1987), 32 Ohio St.3d 74, 76. The fear of indiscriminate third-party suits against attorneys would make attorneys reluctant to offer zealous client representation. Id.
 {¶ 9} Appellant concedes that he had no attorney-client relationship with Wright, and, therefore, appellant must demonstrate that either he was in privity with Ludwick or *Page 6 
Wright acted with malice. With regard to privity, "[f]or legal malpractice purposes, privity between a third person and the client exists where the client and the third person share a mutual or successive right of property or other interest." Sayyah v. Cutrell
(2001), 143 Ohio App.3d 102, 111-112, citing Arpadi v. First MSPCorp. (Apr. 23, 1992), Cuyahoga App. No. 59939, and Black's Law Dictionary (7th Ed.Rev. 1999) 1217 (defining privity as "[t]he connection or relation between two parties, each having a legally recognized interest in the same subject matter"). In determining privity, the trial court must first examine the interest that the original attorney-client relationship was intended to protect and then compare it to the interest of the third person bringing suit for the alleged legal malpractice.Sayyah, at 112, citing Scholler, at 104. Privity exists if the interest of the client is concurrent with the interest of the third person. Id.
 {¶ 10} This court recently addressed privity under circumstances similar to those in the present case in Lutz v. Balch, Franklin App. No. 06AP-247, 2006-Ohio-4630. In Lutz, an attorney prepared a will and trust agreement for the parents of the plaintiff, their son. Each of the parents' revocable trusts became irrevocable upon their deaths. The mother died, her will was admitted to probate, and the trust was administered for the benefit of the father. The attorney then prepared, and the father executed, an updated will and an amended trust. The father died several months later, and his will was admitted to probate. The son filed a malpractice action against the attorney with regard to her preparation of his parents' wills and trusts. The attorney filed a motion for summary judgment, which the trial court granted, concluding the son lacked the necessary privity to maintain a legal malpractice claim. *Page 7 
 {¶ 11} This court affirmed the trial court's granting of summary judgment, relying upon the Ohio Supreme Court's decision inSimon, in which the court held that, in the absence of fraud, collusion, or malice, the potential beneficiary under a will cannot sue the testator's lawyer for legal malpractice in the drafting of the will because the beneficiary, a son, did not have a vested interest and was not in privity. Citing Simon, we concluded privity was likewise lacking in Lutz. Id., at ¶ 9. We found that the son was only a potential beneficiary because his parents reserved the right to revoke or amend their trusts during their lifetimes. Because the mother's trust was administered for the benefit of the father, the son was still only a potential beneficiary until the death of his father, at which point the son's interest in his father's estate vested. The attorney provided no legal services subsequent to the death of the husband, when the son had a vested interest. Thus, we determined the son lacked the necessary privity to maintain a legal malpractice action against the attorney. Id., at ¶ 11, citing Lewis v. Star Bank, N.A. (1993),90 Ohio App.3d 709, and Smith v. Brooks (Sept. 14, 2000), Cuyahoga App. No. 76564.
 {¶ 12} This court has followed Simon and reached the same conclusion as that reached in Lutz in at least one similar case, albeit with some reservation. In Dykes v. Gayton (2000), 139 Ohio App.3d 395, we found the intended beneficiaries of a will who filed a malpractice action against the drafting attorney lacked privity to bring the action. Id. However, we noted that the intended beneficiaries raised a persuasive public policy argument that may be appropriate for review by the state's highest court. Id. Other appellate courts are in agreement with our decision in Lutz and cite Simon as authority, although at least one court has expressed similar reservations as did this court inDykes. See, e.g., Schlegel v. Gindlesberger, Holmes App. No. 05 CA 10,2006-Ohio-6916 *Page 8 
(finding that a beneficiary or purported beneficiary of a will lacks privity in an action for legal malpractice against attorney who drafted a will and survivorship deed on behalf of the decedent, but inviting the Ohio Supreme Court to revisit this issue because intended beneficiaries should have a remedy for damages suffered against attorney who negligently drafts a will); Lewis, supra (noting that, as long as the decedent retained the power to revoke the trust during her lifetime, her children had no absolute entitlement to anything, as their interests were subject to complete divestment while the decedent was alive, resulting in the decedent's children lacking the necessary privity to sue for mistakes arising from pre-death advice to the decedent);Smith, supra (concluding that, because plaintiffs' interests were not vested under the revocable trust until the decedent's death, plaintiffs lacked privity to maintain a legal malpractice action against defendant attorneys).
 {¶ 13} The Ohio Supreme Court has injected some uncertainty into the authority of Simon. In Elam v. Hyatt Legal Serv., Inc. (1989),44 Ohio St.3d 175, the Ohio Supreme Court held that the executor of an estate, as a fiduciary of the estate, owed a duty to beneficiaries to act in a manner that protected the beneficiaries' interests, thus placing the beneficiaries in privity with the executor. Id., at 176. Although the court stated that, "[a]t first blush," this holding appeared to contradict Simon, the court distinguished Simon by pointing to the lack of doubt about the status of the beneficiaries in its current case, as the beneficiaries were remaindermen with a clearly vested interest. In a footnote, though, the court went on to note "without comment" that, "while the holding in [Simon], supra, was based largely on the fact that the person in question was only a potential beneficiary, a review of the facts seems to indicate that the person's interest was vested." Id., at 177, fn. 2. Elam was followed by the Second District Court of Appeals inBrinkman v. Doughty *Page 9 
(2000), 140 Ohio App.3d 494, to conclude that the statutory wrongful death beneficiaries were in privity with the executor of the decedent's estate, and, thus, the beneficiaries could maintain an action against an attorney who represented the decedent's estate and wrongful death action, alleging the attorneys failed to represent their interests in settling the wrongful death action.
 {¶ 14} Notwithstanding the footnote in Elam, the Ohio Supreme Court has never extended Simon to a third party who was an intended beneficiary of a will but who had no "vested" interest. BothElam and Brinkman still relied upon the general holding ofSimon that the interest of the third party must be "vested," though both courts broadened the definition of that term. This case is dissimilar toElam and Brinkman in that appellant was neither Ludwick's wrongful death beneficiary with a statutorily vested interest or a remainderman with a clearly vested interest. As in Simon, appellant's interest was merely contingent at the time of the alleged malpractice. Appellant contends that his right as a beneficiary of Ludwick's will was vested prior to his death because Ludwick was incompetent from the date of Dr. Fathman's incompetency finding on January 25, 1997, until the date of his death February 18, 1997, and, thus, could not change his will during this period. However, Dr. Fathman's incompetency finding was only pertinent to the date of the examination, as Ludwick had days that were more lucid than others, and there is no evidence that Ludwick remained incompetent for the remainder of his life. Clearly, the bequest in Ludwick's will was still potentially subject to possible divestment as long as Ludwick remained alive. Therefore, the present circumstances are akin to those in Simon, which has never been overruled, rather than to those inElam and Brinkman. *Page 10 
 {¶ 15} We agree with the comments of the United States Bankruptcy Appellate Panel for the Sixth Circuit in In re Lombardo (6th Cir.BAP June 9, 2006), 347 B.R. 115, which discussed the "vested" issue inSimon and Elam in affirming the bankruptcy court's order to disallow a beneficiary's claim against a debtor attorney for legal malpractice arising out of the execution of the will of the debtor's client. The court in In re Lombardo concluded the beneficiary did not have standing to sue the debtor as the beneficiary was not in privity with the testator. In so finding, the court followed Simon and was unable to conclude that Elam constituted a repudiation of Simon because: (1) the comment in Elam was in a footnote and was equivocal ("a review of the facts seems to indicate"). In re Lombardo, quoting Elam, at 177, fn. 2; (2) the comment was dicta because the cases involved disparate facts: inSimon, the issue was whether a potential beneficiary under a will was in privity with the will's testator, while Elam involved the question of whether privity arises as a result of a fiduciary relationship; (3) although the footnote in Elam suggests a questioning of Simon, the body of the Elam decision upholds Simon, with the court explaining how its ruling is consistent with Simon. In re Lombardo, quoting Elam, at 177 ("[a]t first blush, today's holding would seem to contradict this court's holding in Simon v. Zipperstein, supra. In the case before us, however,"); and (4) most importantly, Ohio courts have continued to recognize the validity of Simon, notwithstanding the "cryptic"Elam footnote, citing this court's case in Dykes, supra, as a "faithful application" of Simon, as well as Lewis, supra; and Smith, supra.
 {¶ 16} In addition, we note the Twelfth District Court of Appeals inLewis followed Simon and found Simon and Elam were actually consistent with each other, in that both cases required the beneficiaries to be vested at the time of the alleged malpractice. That *Page 11 
court pointed out that the error by the attorney in Elam occurred as a post-death error, that is, the attorney made an error in estate administration after the death of the testator by negligently transferring the entire fee in real estate to the life tenant, thereby divesting the beneficiaries/remaindermen under the will. Thus, the right of these remaindermen in Elam to sue the attorney was for a post-death error, and their interests were fully vested after the death of the testator.
 {¶ 17} Consistent with Lewis, to the extent appellant argues he had a mutuality of interest with Ludwick, we agree with the court's comments in In re Lombardo. The court in In re Lombardo, quoting Lewis, noted that the status of those seeking to sue must be examined at the time the claimed mistakes occurred. As in In re Lombardo, in the present case, at the time the negligent execution of the will took place, the testator was still alive and had the right to change his will or completely give away his estate during his lifetime, regardless of its effect on the named beneficiaries in his will. Thus, while it may be true that the interests of appellant and Ludwick became mutual upon Ludwick's death, mutuality was lacking at the time the alleged cause of action arose here. Thus, in this respect, our decision is consistent withElam.
 {¶ 18} For these reasons, based upon Simon, Lutz, and Dykes, we find appellant had no vested interest in Ludwick's estate until Ludwick's death. Therefore, privity was lacking because appellant was merely a potential beneficiary of Ludwick's estate at the time of the alleged malpractice.
 {¶ 19} Pursuant to Scholler, appellant can still have standing to bring an action against appellees if he demonstrates Wright acted with malice. The Ohio Supreme Court suggested in Simon that an attorney acts maliciously when special circumstances "such *Page 12 
as fraud, bad faith, [or] collusion" are present. Id., at 76-77. This court has defined "malice" in the context of these types of cases to include actions taken by the attorney with an ulterior motive separate and apart from the good-faith representation of the client's interests.Hahn, supra, at 67, citing Thompson v. R R Srvc. Sys., Inc. (June 19, 1997), Franklin App. No. 96APE10-1277; see, also, Wolfe v. Little (Apr. 27, 2001), Montgomery App. No. 18718; Fallang v. Hickey (Aug. 31, 1987), Butler App. No. CA86-11-163. Malice has also been defined in this context to imply "`[a] condition of mind which prompts a person to do a wrongful act willfully, that is, on purpose, to the injury of another without justification or excuse.'" Moffitt v. Litteral, Montgomery App. No. 19154, 2002-Ohio-4973, at 82, quoting Black's Law Dictionary (6th Ed.1990) 956.
 {¶ 20} In his complaint, appellant claims that Wright's alleged malice was demonstrated by Wright writing "void" and other words on Ludwick's 1997 will and by asserting that Ludwick was not competent per Dr. Fathman without any reasonable basis and contrary to his own belief. After a review of the record, we find appellant has failed to raise a genuine issue of material fact that Wright acted with malice. While Wright's actions may support a claim for negligence, they do not, in themselves, demonstrate malice, and, in fact, appellant concedes as much in his deposition testimony. When appellant was asked, with regard to his claim of malice, whether he had "any facts or evidence that Paul Wright was trying to hurt someone here, that Paul [W]right meant or intended to really hurt someone here?" appellant replied, "No, I don't have any — not intentionally." Appellant also fails to suggest in his testimony that Wright undertook his actions with an ulterior motive apart from the good-faith representation of the client or to purposefully injure another. Specifically, appellant stated he had no evidence that Wright having Dr. *Page 13 
Fathman examine Ludwick or writing "void" on the will was done for Wright's benefit either monetarily or otherwise. Further, appellant testified that Wright told him during a probate hearing that he had made a mistake, which may indicate of negligence, but not malice.
 {¶ 21} The other testimony submitted also fails to establish the requisite malice on Wright's behalf. Wright testified that the pressure was very high to execute Ludwick's wishes in the 1997 will, and when he heard Dr. Fathman's opinion, he "just overreacted" by having his assistant write "void" on the pages. Also, although appellant points to the testimony of his legal expert, Kevin Heban, that, when Wright wrote "void" on the will he seemed "more interested in * * * protecting himself against a case like this than advancing his client's interest," such evidence fails to indicate that Wright sought purposely to injure anyone or acted with ill will. Another of appellant's legal experts, Jon Hoffheimer, testified that it appeared to him that Wright thought he had made a "mistake" and, "for whatever reason," wrote "void" on the will after "los[ing] his confidence" and "thinking that the will should not have been signed."
 {¶ 22} Further, although Wright may have considered his own liability in writing "void" on the will, this act did not have a motive "separate and apart" from the good-faith representation of Ludwick's interests, as discussed in Hahn, supra. Wright's act of writing "void" was inseparably connected to his belief that Ludwick's will was invalidly executed and would not carry out Ludwick's intentions. Although possibly misguided, Wright's actions were based upon his sincere belief that Ludwick had been incompetent at the time of the signing. There is no evidence in the record Wright's actions were undertaken with purpose to disregard Ludwick's rights or wishes. Therefore, we find no genuine issue as to any material fact exists, and the trial court was correct in finding appellant lacked *Page 14 
standing to bring his cause of action against appellees. Thus, appellees were entitled to summary judgment as a matter of law. Appellant's second, third, and fourth assignments of error are overruled.
 {¶ 23} Appellant argues in his first assignment of error that the trial court erred when it granted summary judgment to appellees. Under this assignment of error, appellant indicates that he presented the opinions of four attorneys as experts, each of whom opined that appellees committed legal malpractice in voiding Ludwick's will. However, as we have found appellant had no standing to bring the action, we need not address the merits of the malpractice claim. Therefore, appellant's first assignment of error is overruled.
 {¶ 24} Accordingly, appellant's four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 SADLER, P.J., and FRENCH, J., concur. *Page 1