JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Barbara Peleg appeals from the judgment of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of appellees James E. Spitz, Rapoport Spitz Friedland Courtney, Alan J. Rapoport, Dale R. Friedland, and Michael M. Courtney. For the reasons stated below, we affirm.
 {¶ 2} Peleg filed this action against appellees, raising claims of legal *Page 3 
malpractice, breach of fiduciary duty, and negligence. Appellee James E. Spitz is an attorney who represented Peleg's mother, Marilyn Newman ("Mrs. Newman"), with respect to certain estate planning matters. Spitz is a member of the law firm Rapoport Spitz Friedland Courtney, and the firm and its members were also named as defendants in this action.
 {¶ 3} On January 30, 2003, Mrs. Newman executed an irrevocable trust agreement prepared by Spitz. Spitz was named as trustee. Mrs. Newman was the beneficiary of the trust during her lifetime. The trust provided that upon Mrs. Newman's death, the remaining balance was to be distributed "equally to my children, Victor W. Newman and Barbara L. Wynbrandt-Peleg." Victor Newman ("Victor") was apparently Mrs. Newman's nephew, but he was raised by her. No provision was made for her natural son, Lawrence Newman ("Larry").
 {¶ 4} Under the 2003 trust agreement, Mrs. Newman specifically reserved "the right to change or add beneficiaries." The trust further provides that it "is irrevocable and shall not be subject to amendment, alteration, or change except as specifically indicated in regard tochanges with residual beneficiaries." (Emphasis added.)
 {¶ 5} Spitz also prepared for Mrs. Newman a will, dated January 30, 2003. Under the will, Mrs. Newman left all tangible personal property to Peleg and Victor.
 {¶ 6} On July 26, 2003, Mrs. Newman entered into the "First Modification to Irrevocable Trust Agreement of Marilyn Newman" as well as the "First Codicil to Last Will and Testament of Marilyn Newman." Mrs. Newman disinherited Victor under *Page 4 
both of these documents.
 {¶ 7} Mrs. Newman died on October 27, 2003. After her death, Larry and Victor filed a complaint against Peleg and Spitz, in his capacity as trustee, contesting Mrs. Newman's will. Victor also filed a complaint for declaratory judgment and other relief against Peleg and Spitz, in his capacity as trustee. Spitz defended both actions, while Peleg eventually settled both actions. Peleg contends in this case that it was Spitz's alleged malpractice in the execution of the irrevocable trust that gave Victor a strong case in his probate court case against her.
 {¶ 8} In the case sub judice, Peleg asserted that Spitz owed her a duty of care because she was a beneficiary of the estate. Appellees filed a motion for summary judgment, arguing that Peleg lacked standing to assert her claims. The trial court agreed and granted appellees' motion.
 {¶ 9} Peleg timely filed this appeal. She raises one assignment of error for our review that provides the following: "The trial court erred in granting defendants-appellees' motion for summary judgment."
 {¶ 10} Peleg claims that she had a vested interest in Mrs. Newman's irrevocable trust and, therefore, has standing to pursue this action. Appellees assert that because Mrs. Newman reserved the right to change the residual beneficiaries under the trust, Peleg was only a potential beneficiary and she did not possess the requisite privity to sue for legal malpractice.
 {¶ 11} "As a general rule, an attorney is liable to his client alone, not to third parties, for negligence in the conduct of his professional duties." Stoll v. Kennedy *Page 5 
(1987), 38 Ohio App.3d 102. The Ohio Supreme Court has recognized that it is "well-established in Ohio that an attorney may not be held liable by third parties as a result of having performed services on behalf of a client, in good faith, unless the third party is in privity with the client for whom the legal services were performed, or unless the attorney acts with malice. The rationale for this posture is clear: the obligation of an attorney is to direct his attention to the needs of the client, not to the needs of a third party not in privity with the client." Simon v. Zipperstein (1987), 32 Ohio St.3d 74, 76 (internal citations omitted).
 {¶ 12} In this case, Peleg had no attorney-client relationship with appellees, and therefore, she must demonstrate that either she was in privity with Mrs. Newman or that Spitz acted with malice. As Peleg provided no evidence demonstrating that Spitz acted with malice, the issue before us is whether Peleg possessed the requisite privity.
 {¶ 13} "With regard to privity, `[f]or legal malpractice purposes, privity between a third person and the client exists where the client and the third person share a mutual or successive right of property or other interest.' Sayyah v. Cutrell (2001), 143 Ohio App.3d 102, 111-112,757 N.E.2d 779, citing Arpadi v. First MSP Corp. (Apr. 23, 1992), Cuyahoga App. No. 59939, 1992 Ohio App. LEXIS 2092, and Black's Law Dictionary (7th Ed.Rev.1999) 1217 (defining privity as `[t]he connection or relation between two parties, each having a legally recognized interest in the same subject matter'). In determining privity, the trial court must first examine the interest that the original attorney-client relationship was intended to protect and then *Page 6 
compare it to the interest of the third person bringing suit for the alleged legal malpractice. Sayyah, at 112, citing [Scholler v.Scholler (1984), 10 Ohio St.3d 98, 104]. Privity exists if the interest of the client is concurrent with the interest of the third person. Id."Ryan v. Wright, Franklin App. No. 06AP-962, 2007-Ohio-942 (finding privity was lacking because appellant was merely a potential beneficiary of the estate at the time of the alleged malpractice).
 {¶ 14} Peleg claims that her interest in the irrevocable trust became vested immediately upon its execution. She asserts that her interest was a vested remainder subject to complete defeasance. She claims that this vested interest was sufficient to give her standing herein. We are not persuaded by Peleg's argument. Our review of Ohio case law reflects that Ohio courts have found that privity is lacking where the beneficiary holds only a potential interest at the time the alleged malpractice occurred. In this case, Peleg held only a potential interest in the trust because Mrs. Newman retained the right to change the residual beneficiaries.
 {¶ 15} In Simon, the Ohio Supreme Court concluded that the intended beneficiary under a will did not have standing to sue the attorney because the beneficiary was not in privity with the testator, the attorney's client. 32 Ohio St.3d 74. The supreme court held therein that "privity was lacking since appellee, as a potential beneficiary of his father's estate, had no vested interest in the estate." Id.
 {¶ 16} Likewise, in Smith v. Brooks (Sept. 14, 2000), Cuyahoga App. No. 76564, this court found that intended beneficiaries were not in privity with the testator for purposes of a malpractice action against the attorney for negligent estate *Page 7 
planning because their interests were subject to complete divestment at the time the alleged malpractice took place. This court recognized that "[s]o long as [there existed] discretion over the disbursements of the assets, appellants had no entitlement to anything; thus, since their interest had not vested, they had no privity." Id.; see, also,Estate of Mingus v. Lombardo (In re Lombardo) (C.A. 6 Bankr. June 9, 2006), 2006 Bankr. LEXIS 995, No. 05-8069 (recognizing that where a named beneficiary has only a contingent interest in an estate, privity is lacking).
 {¶ 17} A similar result was reached in Lewis v. Star Bank, N.A.
(1993), 90 Ohio App.3d 709, a case comparable to the instant matter. InLewis, after the death of the settlor, beneficiaries of an inter vivos trust sued the attorneys who set up the trust, alleging that they committed malpractice in failing to give pre-death tax and estate planning advice. Citing, inter alia, the Simon decision, the court affirmed the trial court's dismissal of the action on the lack of privity among the beneficiaries and the attorneys. The court observed that "in [the] analysis of claims of privity and vesting, the status of those seeking to sue must be examined at the time the claimed mistakes occurred." Id. at 712. Because the settlor reserved the right while she was alive to change beneficiaries under the trust and/or to use all the money for herself, the beneficiaries were not vested during the settlor's lifetime when the alleged malpractice occurred. Accordingly, privity was lacking. Id.; see, also, Lutz v. Balch, Franklin App. No. 06AP-247, 2006-Ohio-4630 (finding plaintiff did not possess the requisite privity where she was only a potential beneficiary under her parents' trust and her interest did not vest until their deaths where the settlors reserved the right to *Page 8 
revoke or amend the trust during their lifetimes).[1]
 {¶ 18} While Peleg attempts to rely on the Ohio Supreme Court's opinions in Papiernik v. Papiernik (1989), 45 Ohio St.3d 337, andElam v. Hyatt Legal Services (1989), 44 Ohio St.3d 175, those cases are clearly distinguishable. Neither case involved the question of whether the residual beneficiaries of a trust have the requisite privity to bring a suit for malpractice allegedly occurring prior to the settlor's death where the settlor reserved a right to change beneficiaries during her lifetime.
 {¶ 19} The concepts of legal malpractice and privity were not even at issue in Papiernik. In that case, the grantor of the trust left the trust assets to his wife, the trust advisor, for life, with the remainder to his children, the trust beneficiaries. Papiernik,45 Ohio St.3d 337. Following the grantor's death, the remainder beneficiaries brought an action in an attempt to delete the provision in the trust that created the position of trust advisor. Id. The record in the case reflected that the trust advisor had far exceeded her authority under the trust and had acted irrationally and irresponsibly in relation to the trust. Id. The defendants challenged the beneficiaries' standing to maintain the action. Id. The Ohio Supreme Court held, in relevant part: "1. An inter vivos trust which, on the death of the grantor, allocates substantially all the trust assets to a marital deduction trust with the entire income *Page 9 
therefrom payable to the surviving spouse, and which grants an unlimited testamentary power of appointment to the surviving spouse with the remainder over to the children of the grantor, creates in the remainderman a vested interest subject to defeasance by the exercise of the power of appointment. 2. A remainderman holding a vested interest in a trust which is subject to defeasance by the exercise of a testamentary power of appointment has standing to maintain an action to modify the administrative provisions of the trust agreement." Id. at paragraphs one and two of the syllabus (emphasis added) (internal citation omitted).
 {¶ 20} Thus, in Papiernik, it was only upon recognition that the grantor of the trust had died that the court found the beneficiaries' interests were vested. At that point, their interest was firmly established, albeit subject to defeasance in that their interests could be cut short by the exercise of a power of appointment. This is distinguishable from the current case where Peleg's status as a beneficiary was not clearly established at the time of the purported malpractice. Mrs. Newman reserved the right to change beneficiaries. It was not until her death that Peleg's interest was firmly established.
 {¶ 21} In Elam, 44 Ohio St.3d 175, the remainder beneficiaries of a will brought an action against the attorney and firm that was retained by the executor for alleged negligence occurring in the administration of the estate (i.e., causing an erroneous certificate of transfer to be recorded, which transferred real estate to the decedent's spouse in fee simple rather than as a life estate). The action was for errors alleged to have occurred subsequent to the testator's death, and the interests of the *Page 10 
beneficiaries had fully vested. Accordingly, the trial court found that the beneficiaries were not potential beneficiaries and that they had the requisite privity to maintain the action. Id.
 {¶ 22} Unlike Papiernik, supra, and Elam, supra, the settlor of the trust herein was not deceased at the time of the alleged malpractice, and Peleg was only a potential beneficiary. Peleg lacked the requisite privity to assert her legal malpractice and negligence claims. As found in Lewis, 90 Ohio App.3d at 712: "As long as [the settlor] retained the power to revoke the trust and the other indicia of retained ownership under the trust, which she never relinquished before her death, Lewis and the Lewis children had no absolute entitlement to anything while [the settlor] was alive. Papiernik v. Papiernik, 45 Ohio St.3d at 343,544 N.E.2d at 670. Thus, because all of their interests were subject to complete divestment while [the settlor] was still alive, we hold that neither Lewis nor the Lewis children were in privity with [the settlor], the Bank or the Law Firm, and could not sue for mistakes arising from pre-death advice."
 {¶ 23} In accordance with Ohio law, in this case we find that Peleg lacks the requisite privity because Mrs. Newman reserved the right to change the residual beneficiaries under the trust and Peleg held only a potential interest at the time the alleged malpractice occurred.
 {¶ 24} We must recognize, as have other appellate courts, that the Ohio Supreme Court may wish to revisit the issue of whether intended or potential beneficiaries of a will or trust should have a remedy for damages suffered against *Page 11 
the attorney who negligently drafted the instrument. See Ryan v.Wright, Franklin App. No. 06AP-962, 2007-Ohio-942; Dykes v. Gayton
(2000), 139 Ohio App.3d 395; Schlegel v. Gindlesberger, Holmes App. No. 05 CA 10, 2006-Ohio-6916 (inviting the Ohio Supreme Court to revisit this issue because intended beneficiaries should have a remedy for damages suffered against attorney who negligently drafts a will); see, also, Redfren v. Connolly, Hillyer Welch (Dec. 29, 1997), Tuscarawas App. No. 97AP060039. As stated in Dykes, 139 Ohio App.3d at 398: "We believe, however, that appellants raise a persuasive public policy argument which requests that we balance the public policy that supports the right of a testator to make a Will and have its provisions carried out with the public policy that favors some immunity for attorneys, as against lawsuits by third-parties, so that the attorney may properly represent his client without the fear of indiscriminate third-party actions. Scholler, Simon." A similar argument exists with respect to trusts. As such, this case may be appropriate for review by the Ohio Supreme Court, and we would respectfully invite the same.
 {¶ 25} We also recognize that the trial court's ruling on Peleg's claim for breach of fiduciary duty is not before us at this time. Accordingly, we shall not address the issue herein.
 {¶ 26} Peleg's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 12 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY J. BOYLE, J., CONCURS and CHRISTINE T. MCMONAGLE, J., CONCURS IN JUDGMENT ONLY
[1] Similarly, in cases construing life insurance policies, courts have found that if a life insurance policy reserves to the insured the right to change the beneficiary, the beneficiary does not take a vested interest, but has only an expectancy during the life of the insured, contingent upon being the beneficiary at the time of the insured's death. See In re Swartwout (S.D. OH 1991), 123 B.R. 794; Stone v.Stephens (1951), 155 Ohio St. 595. *Page 1