SEAN C. GALLAGHER, J.:
{¶ 1} Plaintiff-appellant Carole Meisler (hereafter "Meisler") appeals the trial court's decision to grant summary judgment in favor of defendant-appellee Richard M. Weinberg (hereafter "Attorney Weinberg"). Upon review, we affirm.
{¶ 2} On October 15, 2014, Meisler, individually and as executor of the estate of Marietta Meisler, filed an action for legal malpractice against Attorney Weinberg.
*148 Meisler claimed that Attorney Weinberg had improperly and negligently drafted a trust, referred to as "the 2000 Trust," that was executed by Meisler's mother, Marietta Meisler (hereafter "Marietta"). Meisler alleged that the trust was drafted contrary to the wishes of Marietta and to the interests of Meisler, who was a beneficiary under the trust, in that it failed to convey the property intended to be conveyed to Meisler and failed to include proper successor language indicating that it replaced an earlier trust executed by Marietta, referred to as "the 1989 Trust." Meisler further alleged that her damages included the loss of 10 percent of the residual estate, an amount to which she claimed she would have been entitled but for Attorney Weinberg's alleged negligence.
{¶ 3} The record reflects that Marietta executed the 1989 Trust and amended it on several occasions, all before she retained Attorney Weinberg. In 2000, Marietta retained Attorney Weinberg, who prepared the 2000 Trust and additional estate planning documents, including three irrevocable trusts that were never funded. The end result was that upon Marietta's death, she had two revocable trusts: the 1989 Trust that apportioned certain assets equally between Meisler and Meisler's brother and the 2000 Trust that apportioned certain assets as 60 percent to Meisler and 40 percent to Meisler's brother.
{¶ 4} Meisler claims that the legal malpractice arose from Attorney Weinberg's failure to include successor replacement language in the 2000 Trust, which allegedly resulted in Marietta's estate not being divided pursuant to her wishes. Attorney Weinberg maintains that the 2000 Trust and other estate planning documents were prepared at the direction of Marietta; and as requested by Marietta, they were designed to provide additional options and flexibility with regard to the eventual disposition of her assets. After the 2000 Trust was established, Marietta continued to make changes to her estate plan and transferred certain assets into each of the trusts. Marietta died in 2013.
{¶ 5} Following initial proceedings, Attorney Weinberg filed a motion for summary judgment that claimed, among other arguments, that Meisler lacked standing to bring a legal malpractice claim. The motion was opposed by Meisler. On September 13, 2016, the trial court granted the motion. This appeal followed.
{¶ 6} Meisler's sole assignment of error claims the trial court erred in granting the motion for summary judgment. Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. Argabrite v. Neer , 149 Ohio St.3d 349, 2016-Ohio-8374, 75 N.E.3d 161 ¶ 14. Summary judgment is appropriate only when "[1] no genuine issue of material fact remains to be litigated, [2] the moving party is entitled to judgment as a matter of law, and, [3] viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach a conclusion only in favor of the moving party." Id.
{¶ 7} Potential beneficiaries have no right to sue the attorney who represented the settlor of a trust for alleged mistakes arising from pre-death estate-planning matters. Peleg v. Spitz , 8th Dist. Cuyahoga No. 89048, 2007-Ohio-6304, 2007 WL 4200611, aff'd , 118 Ohio St.3d 446, 2008-Ohio-3176, 889 N.E.2d 1019 ; Lewis v. Star Bank, N.A. , 90 Ohio App.3d 709, 630 N.E.2d 418 (12th Dist.1993). A potential beneficiary does not possess the requisite privity to bring a suit for legal malpractice allegedly occurring prior to the settlor's death. Peleg at ¶ 17 ; Lewis at 712, 630 N.E.2d 418.
*149 {¶ 8} The Ohio Supreme Court has held that "attorneys in Ohio are not liable to a third party for the good-faith representation of a client, unless the third party is in privity with the client for whom the legal services were performed." Shoemaker v. Gindlesberger , 118 Ohio St.3d 226, 2008-Ohio-2012, 887 N.E.2d 1167, ¶ 9, citing Scholler v. Scholler , 10 Ohio St.3d 98, 462 N.E.2d 158 (1984), paragraph one of the syllabus. "This rule is rooted in the attorney's obligation to direct attention to the needs of the client, not to the needs of a third party not in privity with the client." Shoemaker at ¶ 9, citing Simon v. Zipperstein , 32 Ohio St.3d 74, 76, 512 N.E.2d 636 (1987).
{¶ 9} In Shoemaker , the Ohio Supreme Court found that generally, potential beneficiaries to a will did not have standing to file a negligence suit against the attorney who drafted the decedent's will. Id. at ¶ 10. The court recognized that "[t]he necessity for privity may be overridden if special circumstances such as 'fraud, bad faith, collusion or other malicious conduct' are present." Id. at ¶ 11, quoting Zipperstein at 76, 512 N.E.2d 636. As in Shoemaker , no such allegations were pled in this action.
{¶ 10} The Ohio Supreme Court also recognized that Ohio is among the states that apply a strict privity requirement in the area of estate planning. Shoemaker at ¶ 14. Although Meisler advocates against the strict privity rule, the Ohio Supreme Court has declined to relax Ohio's strict privity rule. Id. at ¶ 17. In Shoemaker , the court explained that public policy justifies adherence to the strict privity rule because (1) the rule ensures that attorneys may represent their clients without threat of suit from third parties, (2) without the rule, an attorney could have conflicting duties and divided loyalties during the estate planning process, and (3) there would be unlimited potential liability for the lawyer. Id. at ¶ 14 -15. We are bound to follow Ohio Supreme Court precedent.
{¶ 11} The record herein simply lacks sufficient evidence to establish that Meisler had an attorney-client relationship with Attorney Weinberg. The record reflects that Marietta retained Attorney Weinberg to prepare certain estate planning documents, including the 2000 Trust. Marietta retained the right to revoke or amend the trust during her lifetime. Because Meisler was only a potential beneficiary, she was not in privity with Marietta.
{¶ 12} Nonetheless, Meisler asserts that Shoemaker was an action brought by a beneficiary of a decedent's will, as opposed to a personal representative. In Shoemaker , the court recognized that "[o]ther courts have suggested that a testator's estate or a personal representative of the estate might stand in the shoes of the testator in an action for legal malpractice in order to meet the strict privity requirement," but found that this is "a question for another day" since that case was not brought by a personal representative of the estate. Shoemaker , 118 Ohio St.3d 226, 2008-Ohio-2012, 887 N.E.2d 1167, at ¶ 17. Meisler argues that as the executor of Marietta's estate, she has standing to bring a cause of action for legal malpractice.
{¶ 13} The Ohio Supreme Court has held that a personal representative of a decedent's estate may pursue claims of the decedent "for the benefit of [the decedent's] estate." Perry v. Eagle-Picher Industries, Inc ., 52 Ohio St.3d 168, 169, 556 N.E.2d 484 (1990). Moreover, it has been recognized that "a personal representative of a decedent's estate stands in the shoes of the decedent to assert claims on behalf of the estate." Hosfelt v. Miller , 7th Dist. Jefferson No. 97-JE-50, 2000 WL 1741909, 4.
*150 {¶ 14} The only damages sought in this matter are individual to Meisler, as opposed to the benefit of the estate as a whole. Further, Meisler cites no authority establishing that an executor has standing to assert a legal malpractice claim when the estate as a whole has not been diminished. Therefore, under the circumstances of this case, Meisler cannot circumvent the strict privity rule under the guise of being the executor of the decedent's estate.
{¶ 15} Finally, even were we to assume arguendo that Meisler has standing in this matter, the evidence in the record fails to establish a genuine issue of material fact with regard to the claim for legal malpractice. During her deposition, Meisler asserted that Marietta told her that she told Attorney Weinberg she wanted her estate to be divided 60/40. Meisler further asserted that Marietta told her all her assets were in the 2000 Trust. Regardless of whether these statements amount to hearsay, such evidence fails to create any genuine issue of material fact upon the record before us.
{¶ 16} The record reflects that Marietta made various changes to her estate plan during her lifetime. Meisler was not privy to private conversations between Attorney Weinberg and his client Marietta concerning her estate plan. Also, Meisler did not recall what was discussed at a meeting she attended in Attorney Weinberg's office with her brother and Marietta. Attorney Weinberg stated in his deposition that Marietta wanted options and the ability to change her estate plan. The legal documents he prepared afforded her this flexibility. He indicated that he explained to Marietta that she needed to fund the 2000 Trust in order for the provisions of the 2000 Trust to be effective.
{¶ 17} Further, Marietta's own actions were consistent with Attorney Weinberg's testimony. The record reflects that after the 2000 Trust was established, Marietta continued to make changes to her estate plan and transferred certain assets into each of the revokable trusts. In 2003, she asked Attorney Weinberg to transfer a home that had been placed in the 1989 Trust into the 2000 Trust. In 2004, she transferred an Advest Securities account into the 1989 Trust. Upon our review, we find there is a lack of competent evidence in the record upon which it could reasonably be concluded that Attorney Weinberg was negligent in the preparation of the 2000 Trust.
{¶ 18} Accordingly, we conclude that Meisler lacks standing to pursue a legal malpractice claim. Further, even were we to assume standing exists, there is a lack of evidence in the record to establish Attorney Weinberg was negligent in the preparation of the 2000 Trust. Therefore, Attorney Weinberg is entitled to summary judgment on the legal malpractice claim. Meisler's sole assignment of error is overruled.
{¶ 19} Judgment affirmed.
TIM McCORMACK, P.J., and MARY J. BOYLE, J., CONCUR